**UNITED STATES of America, Plaintiff,**

v.

**James V. MARTIN and Frieda L. Martin, Defendants.**

**No. 66 C 413(2).**

United States District Court
E. D. Missouri,
Eastern Division.

Oct. 17, 1967.

In its complaint, the government alleges that defendants are jointly and severally liable for unpaid taxes for the years 1951 to 1954, inclusive, in the total amount of $26,719.24, plus interest, and that James V. Martin, individually, is liable for unpaid withholding taxes for the fourth quarter of 1956 and the first, second and third quarters of 1957, in the sum of $18,470.17, plus interest.

The parties have stipulated that the defendants, James V. Martin (hereinafter referred to as "Martin"), and Frieda L. Martin (hereinafter referred to as "Mrs. Martin"), are husband and wife, and were married during the years hereinafter mentioned. During the calendar years 1951, 1952, 1953 and 1954, Martin was engaged in a business from which he received income, and during those same years, Mrs. Martin had no taxable income. It was further stipulated that during those years, neither defendant filed an income tax return. In 1956, this last fact came to the attention of the Internal Revenue Service of the United States, and Revenue Agent Dreas conducted an investigation into the tax liability of defendants. During his investigation, Agent Dreas interviewed Martin, examined the books of his business, and concluded that there was a deficiency for those years. Accordingly, Dreas obtained a signed statement from Mrs. Martin that

"The income tax returns for the years 1951, 1952, 1953, 1954 are joint returns for me and my husband. Any tax that may be required due to the income should be treated as a joint return.

"I am willing and agreeable that for the years mentioned above that it should be filed as a joint return."

Veryl L. Riddle, U. S. Atty., Robert H. Kubie, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Earle J. Niederluecke, Florissant, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This cause was submitted on final hearing before the Court (the parties having waived the right to a jury trial), on May 22, 1967, and on briefs of the parties filed thereafter. Jurisdiction is based on § 7402 of the Internal Revenue Code of 1954, and 28 U.S.C. §§ 1340 and 1345.

Thereafter, in accordance with authorized IRS procedures, the agent prepared a substituted tax return. Defendants at no time signed or acknowledged the validity of this return. Nevertheless, on December 31, 1957, a statutory notice of deficiency was mailed to defendants, notifying them of the amount of unpaid taxes, penalties and interest being as-

serted against them for the calendar years 1951 to 1954, inclusive. As no petition for redetermination of the assessment was filed with the tax court, the Commissioner of Internal Revenue (hereinafter referred to as "the Commissioner") duly made an assessment for unpaid income taxes, penalties and interest, jointly and severally, against the defendants for these years.

On May 23, 1958, a notice and demand was made upon the defendants respecting said tax liabilities, and there remains due and owing with respect to said assessment the sum of $26,719.24, plus interest, as provided by law. On or about March 29, 1962, defendants executed tax collection waivers extending the period on collection of these taxes to and including December 31, 1967.

Additional taxes were assessed against defendant Martin individually for unpaid withholding taxes, additions to the tax, and interest, for the fourth quarter of 1956, and the first, second, and third quarters of 1957 in the total amount of $25,377.52. A notice and demand for payment was issued, and there remains due and owing with respect to this assessment the sum of $18,470.17, plus interest, as provided by law. In connection with this assessment, Martin executed tax collection waivers extending the statute of limitations on the collection of the assessed liability to December 31, 1966, and to December 31, 1967, as follows: assessments for March 15, 1957, May 31, 1957, September 30, 1957, October 8, 1957, and November 29, 1957, were extended to December 31, 1966, and assessments for February 7, 1958, March 31, 1958, and June 27, 1958, were extended to December 31, 1967.

Martin was a partner in a company which operated a "suit club", whose customers agreed to pay $2.00 per week for thirty-nine weeks, and $1.00 the fortieth week. When $79.00 had been received, the customer chose material and was measured for a suit or a top coat. The garment was then made by an unrelated corporation and delivered to the customer. Prepayments were recorded in a prepayment booklet, held by the customer, which had conditions printed on the back, among them an agreement that in the event the customer discontinued payments, the company could retain the monies previously paid as liquidated damages and was not required to make any refunds in cash or merchandise. In other words, the company had no obligation to a customer until the full $79.00 was received; only then did the company become obligated to make a suit or top coat for the customer.

The books of the company were kept on a cash basis, but copies of the partnership information returns indicate that for tax purposes, income was calculated on a kind of accrual basis. The method used was to include all fully paid accounts in gross receipts, but not accounts in the process of collection. The sums received on these latter accounts were treated as an advance and deducted from yearly deposits in computing gross receipts or sales. There was, however, no list or compilation of these prepayments. Thus, the system gave the company forty weeks of receipts before it recognized the receipt of money and the incurring of an obligation. Because of this system, used during the years 1951 through 1954, the company showed losses on its copy of the retained partnership information returns. Accordingly, for tax purposes, Martin showed no income as his distributive share of income of the company, and, on the advice of his accountant, filed no personal income tax return for those years.

The Commissioner concluded that the accounting system employed by the company for tax purposes did not clearly reflect income, and that the company should have reported income in accordance with the cash basis method used in its internal books, as required by § 41, I.R.C.1939, and § 446, I.R.C.1954. Agent Dreas recalculated taxable income for the company for these years on a cash basis, and, based on these recomputations, deficiencies were assessed for the years 1951 through 1954.

■ Standard accounting methods ordinarily will accurately reflect income, and, therefore, will usually be acceptable to the Commissioner. Keasbey & Mattison Co. v. United States, 141 F.2d 163 (3rd Cir. 1944). The Commissioner, however, has broad powers in determining whether the accounting method used by a taxpayer clearly reflects income, and if he believes it does not, he may require computations to be made in accordance with such method as, in his opinion, will clearly reflect income. Commissioner v. Hansen, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959). The taxpayer must then change his accounting methods accordingly, unless he can affirmatively show that the original accounting method he used did, in fact, accurately reflect income. Bressner Radio, Inc. v. Commissioner, 267 F.2d 520 (2nd Cir. 1959).

■ The *Bressner* case clearly places the burden of showing the validity of the original accounting method on defendant, and the Court, after hearing testimony and argument, and examining the records and exhibits in this case, concludes that there is no evidence indicating that the original accounting system did accurately reflect income. Therefore, the deficiency was properly assessed.

■ Section 291, I.R.C.1939, and section 6651, I.R.C.1954, provide for imposition of penalties for failure to file a tax return "unless it is shown that such failure is due to reasonable cause and not due to willful neglect * * *" Martin's testimony that he did not file a return on advice of his accountant is uncontradicted, and as an accountant is presumed to have expertise in this area, such reliance was reasonable. Therefore, the Court concludes that failure to file personal income tax returns for the years 1951 through 1954 was not due to willful neglect, but was reasonable under the circumstances described, and, therefore, no penalties should be imposed. [Cf. L. W. Tilden, Inc., Para. 50,066 P–H Memo. T.C., reversed without discussion of this point, 192 F.2d 704 (5th Cir. 1951).]

■ Defendants argue that as Mrs. Martin had nò taxable income, and as the substituted return was never signed by either defendant, Mrs. Martin should not be held liable for payment of the assessed deficiency. In view of the fact that Mrs. Martin authorized calculation of the deficiency as if a joint return were made, and the calculation of the deficiency was made according to this expression of the intention of the parties, there was a clear implication that if they had filed a return, it would have been a joint return and that if a deficiency were assessed, it should be calculated on the "split income" basis of a joint return. Section 6013, I.R.C.1954, and the case law prior to its enactment, plainly states that when husband and wife file joint returns, they are jointly and severally liable for the taxes based thereon. Having decided that a return should have been filed for each of the years in question, and having the written evidence of Mrs. Martin's letter of agreement to computations being made as if a joint return were being made, the Court has no hesitancy in finding that liability for deficiencies assessed as a result of these authorized computations should be joint and several.

### Withholding Taxes Issue

■ With regard to the withholding taxes, Martin admits proper assessment and non-payment, but alleges that the government's cause of action is barred by the statute of limitations because the waivers extending the statute of limitations beyond the six-year limit were executed under duress, and are, therefore, invalid. The only evidence of duress was Martin's oral testimony that an Internal Revenue Service agent told him, " * * * you had better get down here and sign these papers or I will drag you into court." The assertion of an intention to pursue a legal remedy is not ordinarily considered duress, and this is especially true when there is ample time for investigation and deliberation. 17 C.J.S. Contracts § 172; see also Security

Sav. Bank v. Kellems, Mo.App., 274 S.W. 112 at 114, quoting 9 C.J., p. 722, aff'd 321 Mo. 1, 9 S.W.2d 967. After the agent made this statement to Martin, the latter called his lawyer, and apparently remained in contact with counsel thereafter. Under these circumstances, the statement of intention to file suit does not constitute duress. Therefore, the waivers executed by defendant Martin are valid, and he will be ordered to pay unpaid withholding taxes in the amount of $18,470.17, plus interest, as provided by law.