CHARLES E. UPTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Upton v. Commissioner
Docket No. 6932-71.
United States Tax Court
T.C. Memo 1973-217; 1973 Tax Ct. Memo LEXIS 71; 32 T.C.M. (CCH) 1006; T.C.M. (RIA) 73217; October 3, 1973, Filed *71 Pursuant to a decree of divorce petitioner was required to make monthly cash payments and mortgage payments "for the care, support, maintenance and education" of his two children. Held: neither the cash payments nor the mortgage payments are deductible as alimony payments. Petitioner claimed deductions for business expenses, interest payments and payments of state and local taxes. Held: petitioner is not entitled to any deduction for business expenses due to lack of substantiation. For the same reason he is only entitled to the deductions for interest and taxes to the extent allowed by respondent. Petitioner did not file his Federal income tax on the date prescribed therefor. Held: petitioner is liable for an addition to tax because he has not proven that the late filing was due to reasonable cause. Ottway Burton, for the petitioner. Frank D. Armstrong, Jr., for the respondent. 2 IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in petitioner's income tax for the taxable year 1968 in the amount of $1,994.21.Respondent also determined an addition to *74 petitioner's tax in the amount of $498.55 pursuant to section 6651(a). [1]
The issues involved herein are: (1) whether petitioner is entitled to an alimony deduction for payments made pursuant to a divorce decree; (2) whether petitioner has adequately substantiated business expenses, interest payments and payments of state and local taxes; and (3) whether petitioner is liable for an addition to taxes for failure to file his tax return on the date prescribed therefor. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Charles E. Upton, [2] a resident of Asheboro, N.C., filed 3 his Federal income tax return for 1968 with the district director of internal revenue, Greensboro, N.C.
*75 On August 28, 1967, petitioner was divorced from his wife, Mary Roberts Upton (hereafter sometimes referred to as Mary). [3] The former Mrs. Upton was given custody of the two Upton children, Charles Andrew and Gerald Eric. At the time of the divorce Charles was 11 and Eric was 9. Prior to the divorce, petitioner and Mary owned a lot and house (hereafter referred to as the Lumberton property) as tenants by the entirety, which they had purchased on June 15, 1965. That property was subject to a first deed of trust, dated June 15, 1965, held by the Home Federal Savings and Loan Association of Fayetteville. The property was also subject to a second deed of trust, dated June 15, 1965, and held by Culbreth-Gordon, Inc. In accordance with an agreement *76 between petitioner and Mary, petitioner conveyed his interest in the property to Mary for life or until her remarriage, then to the two children. The North Carolina court, in its judgment of divorce, decreed as follows: The court finds that the best interest of the two children will be promoted and benefited by their 4 having a proper dwelling and by continuing to reside at the * * * Property; that plaintiff Charles Elton Upton is capable of continuing the payments on the aforesaid indebtedness * * * together with payments of real property * * * taxes and * * * insurance premiums * * *; and that plaintiff should make such payments on said indebtedness, taxes and insurance as a part of his liability for the care, support, maintenance and education of the two children. In addition to the payments relating to the property, the North Carolina court decreed payments as follows: Mr. Upton, is capable of paying and should be required to pay for the care, support, maintenance and education of the two children, Charles Andrew Upton and Gerald Eric Upton, the sum of Sixty Dollars ($60.00) each and every week, payable in advance. * * * On September 16, 1967, petitioner married Carlotta *77 Napier Upton. Petitioner filed his 1968 Federal income tax return on September 15, 1970. During 1968 petitioner had been employed as a salesman of aircraft by CarolinaMooney Aircraft Distributors. In his return for that year petitioner claimed the following deductions and adjustments: 1. Alimony payments of $5,160 2. Employee business expenses of $1,500 3. State and local taxes of $412.78 4. Interest payments of $434 5. Moving expenses of $235 The Commissioner determined a deficiency of $1,994.21 in petitioner's income tax and an addition to tax of $498.55 under section 6651(a). The deficiency is based upon 5 respondent's complete disallowance of the first four deductions. Furthermore, respondent has substituted the standard deduction in place of petitioner's itemized deductions. OPINION Section 215 allows a deduction to a husband for payments which are includable in his wife's income under section 71(a). Section 71(a) specifies the circumstances under which payments made by a husband to a divorced or separated wife will be includable in the income of the wife. Section 71(b) provides, however, that section 71(a) "shall not apply to that part of any *78 payment which the terms of the decree, instrument, or agreement fix * * * as a sum which is payable for the support of minor children of the husband." On his 1968 tax return petitioner claimed an alimony deduction in the amount of $5,160. That amount consisted of 52 weekly payments of $60 for the children and 12 monthly mortgage payments of $170, all of which were required by the divorce decree. We have no doubt that the $60 payments ordered by the North Carolina decree come within the provisions of section 71(b). The classification of the $170 payments, however, is not as clear. Whether or not a divorce decree "fixes" child support payments within the meaning of section 71(b) is a question to be decided by this Court. Cleveland J. Harris, 51 T.C. 9806 (1969), and Jean Talberth, 47 T.C. 326 (1966). In Talberth a judgment of the Supreme Court of New York ordered the petitioner's husband to pay petitioner as follows: the defendant be and he hereby is directed to pay to the plaintiff the total annual sum of $7,200.00 and that for tax purposes only, the said sum is allocated as follows: $2,000.00 a year payable to the plaintiff for her support *79 and $5,200.00 a year payable to the plaintiff for the support of the three infant children * * *. That judgment was later modified as to the amounts, but not as to the substance of the decree. We held the payments were includable in the petitioner's income because neither the judgments nor an earlier agreement, similar in substance to the judgments, fixed an amount to be paid for the support of petitioner's children. Our rationale for that holding was that the allocation of the judgments and agreement were "for tax purposes only." Therefore, the petitioner benefitted from the payments because she had full control of them, without restriction. In the present case the North Carolina decree stated that the Lumberton property was subject to first and second deeds of trust from petitioner and Mary. Furthermore, during the time that petitioner made the mortgage payments Mary had a substantial proprietary interest in the property. Yet, the divorce decree stated that petitioner was to make the mortgage payments "for the support, maintenance, and education of the two children." A question, therefore, arises whether the payments were completely for the support 7 of the children *80 or were in fact partially for the benefit of Mary and labeled as child support payments for tax purposes. If the payments discharged a personal obligation of Mary such as to confer a direct economic benefit upon her, they are alimony. Melvin A. Christiansen, 60 T.C. (June 19, 1973). Petitioner has the burden of proving respondent's disallowance erroneous. Welch v. Helvering, 290 U.S. 111 (1933). Petitioner, however, has presented no evidence on this issue. The statement in the North Carolina decree merely says that the deeds of trust were from petitioner and Mary without indicating whether there was personal liability beyond the property itself, i.e., for any deficiency in the event of sale. We are, therefore, unable to determine if Mary was personally liable and, if she was liable, to what extent petitioner's payments satisfied her obligation. See Neely B. Taylor, 45 T.C. 120 (1965). Furthermore, we are unable to determine if the payments enhanced Mary's potential for realizing gain in the event the Lumberton property was sold. See Neely B. Taylor, supra.
Thus, we are constrained to hold that respondent's disallowance of petitioner's *81 "alimony" deduction was proper. On his income tax return petitioner claimed a total deduction of $1,500 for traveling expenses incurred while away from home on business. That amount consisted of 8 $1,020 for lodging, $408 for meals, $58 for car rentals and $14 for telephone expenses. During the trial petitioner testified that he had incurred travel expenses in demonstrating his employer's planes to clients and while visiting the factory where his employer obtained its planes. His testimony consisted primarily of his reading a list which he had prepared to refresh his recollection. The list, which petitioner offered in evidence, had the names of the cities allegedly visited with the dates of the visits. On cross-examination petitioner stated that he had made the list six months before the trial; i.e., almost four years after the alleged trips took place. In his testimony petitioner did not specify where he had obtained his meals and lodging, nor did he give the names of the clients whom he visited. Although petitioner claimed to have receipts at his home which would substantiate his expenses, he did not present those receipts in evidence. In effect his testimony was *82 wholly uncorroborated. In order to be entitled to a deduction for travel expenses petitioner has the burden of proving that his expenditure qualifies under section 162; then he must meet the substantiation requirements of section 274(d). William F. Sanford, 50 T.C. 823 (1968), affd. 412 F.2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969); Norman E. 9 Kennelly, 56 T.C. 936 (1971), affd. 456 F.2d 1335 (C.A. 2, 1972. We are not convinced that petitioner has carried his initial burden under section 162. Moreover, petitioner has not availed himself of one of the several methods of substantiation possible under section 274(d). He has not presented written evidence as required by section 1.274-5(c) (2) and (3), Income Tax Regs. Nor has he presented sufficient corroboratory evidence of his own statement as required by LaForge v. Commissioner, 434 F.2d 370 (C.A. 2, 1970), reversing and remanding 53 T.C. 41 (1969). We, therefore, hold that respondent's disallowance of petitioner's travel expenses was proper. Petitioner claimed deductions for taxes and interest in the amounts *83 of $412.78 and $434, respectively. In his notice of deficiency respondent disallowed those deductions for lack of substantiation. The respondent's determination is presumptively correct, and the petitioner has the burden of proving he is entitled to the claimed deductions. Welch v. Helvering, supra.
Petitioner has offered only his testimony, which was vague, in substantiation of the deductions which he claimed under sections 163 and 164. He has not presented any receipts, cancelled checks or bank records. Petitioner has not borne his burden of proof. On the basis of the evidence presented, we must uphold respondent's 10 disallowance. Respondent also determined an addition to petitioner's tax pursuant to section 6651(a). In 1968, section 6012 required every individual with gross income of $600 or more to file an income tax return, unless he came within certain enumerated exceptions.Petitioner has not proven that he comes within one of those exceptions. Section 6072 requires that returns filed under section 6012 and made on the basis of the calendar year shall be filed on or before the 15th of April following the close of the calendar year. In the present *84 case petitioner should have filed his 1968 return by April 15, 1969, but he did not file until September 15, 1970. Section 6651(a) provides for an addition to tax of five percent for each month, or fraction thereof, that a taxpayer delays in filing a return. The addition imposed by that section, however, may not exceed a maximum of 25 percent. To avoid the imposition of additional tax, the taxpayer has the burden of proving that the return is timely filed or that the delinquency was due to reasonable cause. C. Fink Fischer, 50 T.C. 164 (1968). In the present case petitioner testified that he did not file his 1968 return by April 15, 1969, because he had not resolved his controversy with respondent over his tax liability for earlier years. Martin A. Glowinski, 25 T.C. 11 934 (1956), affd, per curiam 243 F.2d 635 (C.A.D.C., 1957), is directly on point. In determining that an addition to the petitioner's tax was proper, we there stated the following: The fact that petitioner has a grievance with respondent over his tax liability for particular years is not a justifiable reason for failing to comply with the law requiring the filing of returns *85 and declarations for entirely different years. He must adjust his differences with respondent in the manner prescribed by law in order to assure the orderly administration of the revenue laws. * * * Accordingly, we conclude that respondent's addition to petitioner's tax was proper. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. Although petitioner purported to file a joint return, his wife did not sign the return. Section 1.6013-1(a) (2) of the Income Tax Regulations states: A joint return of a husband and wife * * * shall be signed by both spouses. * * * In Martin v. United States, 411 F.2d 1164↩ (C.A. 8, 1969), the Court of Appeals held that a return not signed by both husband and wife was in fact a joint return. We note, however, that determination was based on the fact that Mrs. Martin agreed in writing to the filing of a joint return. The court stated, "whether a joint return is filed depends upon the facts of the case and the taxpayer's intent." In the present case no evidence has been presented as to Mrs. Upton's intent. 3. Petitioner filed no brief in this case. Consequently, we cannot determine what, if any, objections the petitioner may have to respondent's requested findings, which we have substantially adopted. See Florence L. Klein et al., 6 B.T.A. 617 (1927); Allan A. Seserman, T.C. Memo. 1962-191↩. Petitioner's position on the various issues presented herein has been discerned from the record where practicable.