C. WILLIAM REATHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reather v. Commissioner
Docket No. 24506-81.
United States Tax Court
T.C. Memo 1983-233; 1983 Tax Ct. Memo LEXIS 553; 45 T.C.M. (CCH) 1425; T.C.M. (RIA) 83233; April 28, 1983. John C. Noppinger, for the petitioner. Clare J. Brooks, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent determined that for his 1975 taxable year petitioner overpaid his income tax by $730.52, overpaid the section 6651(a) [1] addition to tax by $182.63, and is liable for a section 6653(a) addition to tax in the amount of $4,348.47. Petitioner having conceded the applicability of the sections 6653(a) and 6651(a) additions to tax, the sole issue presented for our decision is whether petitioner is entitled to the filing status of married, filing jointly. Although petitioner does not make his position entirely clear he seems to be seeking a larger overpayment of tax, a larger overpayment of section 6651(a)(1) addition to tax, and a smaller section 6653(a) addition to tax than those determined. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner C. William Reather (hereinafter William) resided in Glen Arm, *555 Maryland, at the time he filed the petition in this case. William delinquently filed his 1975 Federal income tax return in November 1978. William and his former wife, Beverly Reather (hereinafter Beverly), filed joint returns for taxable years prior to 1975. In those years, and in 1975, Beverly had no income. William and Beverly continued to file joint returns for the years after 1975, until they were divorced in 1981. During the fall of 1978, William and Beverly were separated and were not on good terms. William's accountant prepared William's 1975 tax return in the fall of 1978 on the assumption that William and Beverly would elect joint filing status. Through his attorney, William presented this return to Beverly for her to sign, but she did not do so. Because of his inability to obtain his wife's signature on the return prepared by his accountant, William filed a return on which he marked his filing status as married filing separately. The return was otherwise similar to that originally prepared by the accountant. Attached to the return was an addendum labeled "Explanation of Filing Status," reading as follows: Taxpayer is married and has heretofore filed joint *556 returns. Taxpayer and his wife separated in January 1978, but a reconciliation of the marital difficulties is being attempted. Taxpayer hereby reserves the right to file a joint return for the year of this return within the time limitation prescribed in the regulations. On November 2, 1979, William received from respondent's District Director a letter inquiring whether he had intended his 1975 return to be a joint or a separate return. William and Beverly both signed a reply in which they stated that they intended to file a joint return. Also in November 1979, the 1975 return prepared the previous year for William and Beverly filing jointly was signed by both Beverly and William and submitted to an Internal Revenue Service agent who was then auditing William's 1975 return. OPINION If an individual has filed a separate return for a taxable year for which he and his spouse could have made a joint return, and the time prescried by law for filing the joint return has expired, such individual and his spouse may nevertheless make a joint return for such taxable year, subject to certain exceptions. Sec. 6013(b)(1). Section 6013(b)(2) provides in pertinent part: SEC. 6013(b)(2). *557 Limitations for Making of Election.-- The election provided for in paragraph (1) may not be made-- (B) after the expiration of 3 years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse); * * * Robert contends that he and Beverly intended the 1975 return filed by Robert in the fall of 1978 to be a joint return, and, in the alternative, that he and Beverly should be allowed joint filing status for 1975 because of their November 1979, election of joint filing status. Respondent contends that Robert and Beverly did not have the intent to file a joint return in the fall of 1978, and that their subsequent election of joint filing status was not timely made. Petitioner relies on cases holding that there can be a binding joint return even though one spouse has failed to sign the return. Heim v. Commissioner,27 T.C. 270 (1956), affd. 251 F.2d 44 (8th Cir. 1958); Martin v. United States,411 F.2d 1164 (8th Cir. 1969). We agree with William that Beverly's failure to sign the return filed in the fall of 1978 does not by itself mean *558 that a joint return was not filed. As we stated in Hennen v. Commissioner,35 T.C. 747, 748 (1961), "[t]he determinative factor is whether the spouses intended to file a joint return, their signatures being but indicative of such intent." We do not believe it is necessary to determine whether in the fall of 1978 Beverly had the requisite intent to file a joint return for 1975, for on this record we are convinced that William intended not to file a joint return. By his own testimony, William intentionally checked the box for married filing separate filing status on his first return for 1975. Additionally, William added a statement to that return in which he declared that he wished to reserve his right to later elect joint filing status. Under these circumstances, we find and hold that William did not intend his first 1975 return to be a joint return, and that such return was therefore not a joint return. Hennen v. Commissioner,supra.
William contends in the alternative that even if the first 1975 return was not a joint return, he and Beverly were not precluded by section 6013(b)(2)(B) from amending, in November 1979, their filing status *559 for 1975.In so contending, William relies upon Rev. Rul. 72-539, 1972-2 C.B. 634. That ruling notes that section 6013(b)(2)(B) deals with an election to file a joint return after the filing of separate returns, but is silent concerning joint returns were no separate returns have been filed for the same taxable year, and holds that section 6013(b)(2)(B) does not preclude an election to file a joint return for the first time. We have found that William filed a separate return for the 1975 taxable year. William admits that he and Beverly first requested joint return status for 1975 more than three years after April 15, 1976, the last date permitted by law for the filing of their 1975 return. William argues, however, that since Beverly filed no return for 1975, her November 1979, election to file a joint return was an election to file a joint return for the first time, and was permissible under Rev. Rul. 72-539, supra.
Petitioner's argument is ingenious, but unfortunately for him it cannot be reconciled with the statute. Section 6013(b)(1) provides that "if an individual has filed a separate return for a taxable year for which a joint return could have *560 been made by him and his spouse * * * and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year." The language of section 6013(b)(1) covers precisely the situation before us--an individual, William, filed a separate return for a year for which a joint return could have been filed, and that individual and his spouse subsequently wished to make a joint return for such taxable year. Section 6013(b)(1) thus precisely describes the case before us, and section 6013(b)(2)(B) explicitly limits the applicability of section 6013(b)(1) to cases in which the spouses wishing to make a joint return so elect within three years from the last date prescribed by law for filing a return for the taxable year, without regard to extensions. Since William and Beverly failed to elect joint return filing status for 1975 within the time prescribed by section 6013(b)(2)(B), we hold that their November 1979 election of joint filing status was ineffective. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩