**SANDERLING, INC., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 77–1599.**

United States Court of Appeals, Third Circuit.

Argued Jan. 13, 1978.

Decided Feb. 21, 1978.

Herbert M. Gannet, David A. Miller, Newark, N. J., for appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Richard W. Perkins, Anthony Ilardi, Jr., Tax Div. Dept. of Justice, Washington, D. C., for appellee.

Before ADAMS and WEIS, Circuit Judges and COOLAHAN, District Judge.*

## OPINION OF THE COURT

WEIS, Circuit Judge.

Whether waivers of the statute of limitations and an IRS statutory notice of deficiency were in themselves deficient is the question presented in this appeal from a redetermination by the Tax Court. We conclude taxpayer's challenge to the statutory notice must fail. However, we do agree with the taxpayer that no penalty for late filing should be imposed because responsibility for properly preparing and filing a return was entrusted to a C.P.A. In the circumstances present here, the taxpayer's reliance on professional assistance was not shown to be unreasonable when the IRS later demonstrated confusion on when the return should have been filed. Accordingly, we will affirm the decision of the Tax Court except that the penalty will be stricken.

The taxpayer corporation was chartered under the law of New Jersey in 1963, and on November 20, 1968, adopted a plan of complete liquidation under I.R.C. § 337, 26 U.S.C. § 337. As part of the arrangement, William A. Sternkopf, Jr. and John M. Pills-

bury, officers and directors of the corporation, were appointed trustees in dissolution for the benefit of the stockholders as was then the practice under New Jersey law.

On January 22, 1969, the corporation distributed all of its assets to the trustees in dissolution. This action was taken despite the fact that a New Jersey statute [1] provided that on and after January 1, 1969 the power to act on behalf of a dissolved corporation became vested in the directors as such, rather than a trustee.

The corporation turned over its books and records to John P. Morro, Sternkopf's partner in an accounting firm and a Certified Public Accountant licensed by the State of New Jersey. Morro was directed to prepare and file the corporate income tax returns. On May 14, 1969, he mailed to the Internal Revenue Service the return for the short taxable period running from March 1, 1968 to January 22, 1969.

During the process of examining the tax return, the IRS and the corporation entered into two agreements to extend the time within which a statutory notice of deficiency must issue. The first, executed for the taxpayer corporation by Sternkopf, purported to extend the period of limitations on assessment to October 15, 1972 and was signed as follows: "Sanderling, Inc., William A. Sternkopf, Jr., Trustee for Stockholders." The second, enlarging the limitation period to June 30, 1973, was signed by the accountant Morro acting under authority of a power of attorney executed on behalf of taxpayer by Sternkopf and Pills-

---

* Honorable James A. Coolahan, United States District Court for the District of New Jersey, sitting by designation.

1. In pertinent part, N.J.Stat.Ann. § 14A:12–9 (West 1969), reads:

(1) Except as a court may otherwise direct, a dissolved corporation shall continue its corporate existence but shall carry on no business except for the purpose of winding up its affairs by

(a) collecting its assets;

(b) conveying for cash or upon deferred payments, with or without security, such of its assets as are not to be distributed in kind to its shareholders;

(c) paying, satisfying and discharging its debts and other liabilities, and

(d) doing all other acts required to liquidate its business and affairs.

(2) Subject to the provisions of subsection 14A:12–9(1), and except as otherwise provided by court order, the corporation, its officers, directors and shareholders shall continue to function in the same manner as if dissolution had not occurred. In particular, and without limiting the generality of the foregoing,

(a) the directors of the corporation shall not be deemed to be trustees of its assets . . . . .

bury. Both agreements were signed on behalf of IRS by two revenue agents who had orally been designated acting group supervisors.

Initially the examining agent for the IRS insisted that the corporation had not liquidated until April, 1971, and that it should have filed a return for the full year ending February 28, 1969 (the end of the corporation's fiscal year), as well as for calendar years thereafter. A statutory notice was issued on June 29, 1972 claiming a deficiency for the period ending February 28, 1969 based upon a sale of land and adjustments for the taxable periods following.[2]

In his amended answer in the Tax Court, the Commissioner conceded that the corporation had, in fact, liquidated as of January 22, 1969, that there was a deficiency of $42,574.95 for that taxable year, and none for subsequent years. The Commissioner further claimed a penalty of $4,257.50 under I.R.C. § 6651(a), 26 U.S.C. § 6651(a), because of late filing of the 1969 return.

At trial, the issues were limited to (1) the validity of the statutory deficiency notice; (2) the efficacy of the consents to extend the statute of limitations; and (3) the imposition of the penalty for failure to timely file.

The Tax Court decided it had jurisdiction to redetermine the deficiency notwithstanding errors in the statutory notice; the consent forms executed by Sternkopf, Morro, and the IRS acting group supervisors did bind the taxpayer, and consequently, the notice of deficiency properly issued; and the imposition of the penalty under I.R.C. § 6651(a) for late filing of the return was proper.

Taxpayer contends that the statutory notice contained a number of errors. The notice listed a deficiency for the taxable year March 1, 1968 to February 28, 1969, as well as for the additional periods which were later conceded to be inapplicable. Since it was determined that the return should have covered only the short year March 1, 1968 to January 22, 1969,[3] taxpayer asserts that the notice was for an incorrect period. Because a valid notice of deficiency is required to vest the Tax Court with jurisdiction of a petition for redetermination of deficiency, taxpayer argues that the court could not entertain the case. See I.R.C. § 6212, 26 U.S.C. § 6212.

■ The Tax Court has held that it has no jurisdiction where the deficiency notice does not cover a proper taxable period, Columbia River Orchards, Inc. v. Commissioner of Internal Revenue, 15 T.C. 253 (1950). But, here, the notice actually covered a time longer than that asserted by the taxpayer to be the proper period, and the transaction at issue in fact occurred before the end of that taxable year. A notice of a deficiency, even if it contains error, may nonetheless be valid where the taxpayer has not been misled as to the proper year involved or the amounts in controversy. In Estate of Scofield v. Commissioner of Internal Revenue, 266 F.2d 154 (6th Cir. 1959), the court held that a deficiency notice which contained information applicable to the whole year was valid despite its reference to only part of the taxable year. See also, Commissioner of Internal Revenue v. Forest Glen Creamery Co., 98 F.2d 968, 971 (7th Cir. 1938), cert. denied, 306 U.S. 639, 59 S.Ct. 487, 83 L.Ed. 1039 (1939). We conclude, therefore, that the notice of deficiency was valid since the year cited included the taxable event and the correct taxable period.

■ Nor do we find error in the determination that the waivers of the statute of limitations were properly executed. Applying New Jersey law, United States v.

---

2. In the original Tax Court pleadings, deficiencies were claimed for the following taxable periods:

  March 1, 1968-February 28, 1969
  March 1, 1969-December 31, 1969
  January 1, 1971-April 16, 1971

We are in agreement with the Tax Court that it is most unclear why the IRS thought the corporation was required to shift from a fiscal to a calendar year after 1969.

3. See I.R.C. §§ 441(b)(3), 443(a)(2), 26 U.S.C. §§ 441(b)(3), 443(a)(2); 26 C.F.R. §§ 1.441-1(b)(iii), 1.443-1(a)(2).

*Krueger,* 121 F.2d 842 (3d Cir.), *cert. denied,* 314 U.S. 677, 62 S.Ct. 185, 86 L.Ed. 542 (1941), the Tax Court determined that Sternkopf, as a former director, was authorized to bind the corporation, that he purported to do so, and that his misstatement of his capacity as trustee did not invalidate the waiver. The court reasoned that the New Jersey statute authorizing a director of a dissolved corporation to act as trustee for the stockholders had been repealed before Sanderling was liquidated. Sternkopf's authority as conferred by the new statute rested upon his office of director. Therefore, despite the fact that he apparently believed that his capacity to sign on behalf of the corporation was that of trustee, in actuality, his authority was that of a director. Similar reasoning applies to the power of attorney signed by Sternkopf and Pillsbury authorizing Morro's execution of the second consent form. Hence, in the Tax Court's view, both waivers were properly executed on behalf of the corporation.

The Tax Court also found that the acting group supervisors were authorized to execute the waivers on behalf of the government. The court found that both individuals had been designated by the group supervisor or the branch chief. We accept the Tax Court's conclusion that the waiver forms were properly executed by both the government and the taxpayer, and the deficiency notices were timely issued.

Although we affirm the Tax Court's determination that a deficiency exists for the short year ending January 22, 1969, we find that the record does not justify imposition of a penalty for late filing. The circumstances here are unusual, and some elaboration is required to demonstrate why this case is an exception to the general rule that a taxpayer is responsible for the untimely filing of a return.

■ Section 6651(a) imposes a penalty of five percent of the amount of tax for each month a return is not timely filed—not to exceed a total assessment of 25 percent—unless the failure is "due to reasonable cause and not due to willful neglect."[4] Where a taxpayer relies upon its accountant to file a return when due, his failure to do so, without more, ordinarily will not excuse the imposition of the penalty, *United States v. Kroll,* 547 F.2d 393 (7th Cir. 1977), at least in the situation where the due date is known to the taxpayer. The record here does not support a finding that the taxpayer knew the correct date for filing but, indeed, demonstrates that the Internal Revenue Service itself was confused as to the proper due date, a privilege it allows itself but would deny the taxpayer.

At the time the deficiency notice was issued, the IRS reiterated its stand that the taxpayer's taxable year ended on February 28, 1969. Had the Commissioner been correct in that position, the return would have been due on May 15, 1969. It was actually mailed on May 14, 1969. When the date of mailing occurs before the due date, the return is timely filed, I.R.C. § 7502(a), 26 U.S.C. § 7502(a). Nevertheless, the IRS, ignoring the statutory "timely mailed-timely filed" provision, claimed a five percent penalty in the notice of deficiency for the year ending February 28, 1969, apparently because the return was not received until May 19, 1969. However, when it was determined that the IRS had been wrong in its insistence that the corporation's taxable

---

4. The provision states:
    Sec. 6651.
       (a) Addition to the tax.—In case of failure—
       (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and

certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

year ended on February 28, 1969 and that the correct date, in fact, was January 22, 1969, the Commissioner amended his answer in the Tax Court. He then asserted that the return should have been filed on April 15, 1969 and asked the court to increase the penalty for an additional month, for a total of ten percent of the deficiency due.[5]

The Tax Court was aware that when a penalty is set out in the deficiency notice, the burden of proving reasonable cause is on the taxpayer, *Lee v. Commissioner of Internal Revenue,* 227 F.2d 181 (5th Cir. 1955), *cert. denied,* 351 U.S. 982, 76 S.Ct. 1048, 100 L.Ed. 1497 (1956). Here, however, the notice was inconsistent. Under the Commissioner's theory of the proper tax year, no penalty would have been due because the return was mailed before the due date, May 15. No penalty could be assessed unless it were determined that the Commissioner was in error and the return was actually due on April 15. It was not until the amended answer was filed that the ten percent penalty was properly asserted. The Tax Court held that under Rule 142(a), Tax Court Rules of Practice and Procedure, the assertion of the ten percent penalty at that point was "New Matter" and the burden of proof devolved upon the Commissioner. We accept the court's interpretation of its rules of procedure which had the effect of requiring the IRS to prove that it was unreasonable for the corporation to rely upon its accountant to timely file a proper return.

■ The facts are not in dispute and no question of witness credibility is involved. The issue is one of mixed law and fact and therefore the clearly erroneous standard does not apply.[6] *See Demirjian v. Commissioner of Internal Revenue,* 457 F.2d 1 (3d Cir. 1972); *Hatfried v. Commissioner of Internal Revenue,* 162 F.2d 628, 635 (3d Cir. 1947). Consequently, we are in a position to determine whether the IRS has met its burden of proof. We conclude it has not.

When the corporation entrusted the filing of the return to its accountant, it necessarily relied on his professional competence to determine not only what should be in the return but *when* it should be filed. The dissolution proceeding was a circumstance which changed the due date for the return from that which had been applicable in former years. The new due date was not readily determinable as the record demonstrates. The IRS's original contention would have made the return due on May 15. A further example of the IRS's inconsistency occurred in cross-examination of the taxpayer's accountant during the trial. IRS counsel asked the accountant if he were not aware that the regulations required the filing of a return within 75 days after the end of the corporation's taxable year. That statement also was erroneous.[7] Thus, the IRS itself showed something less than precision in fixing the due date. Under these circumstances, it cannot be said that the government proved the taxpayer was not reasonable in relying upon its professional adviser to determine when the return was due. The inquiry is not concluded merely by showing that the accountant apparently chose the wrong date. Rather, the issue is whether the correct due date was so uncertain that the taxpayer was reasonable in relying on professional advice. This case does not involve the delegation of a purely ministerial task and is thus distinguishable from those decisions which allow the imposition of a penalty where the accountant was late in filing the return but the taxpay-

---

5. The Commissioner contended, and the Tax Court agreed, that for purposes of determining the penalty, the date of receipt of the return, rather than its mailing date, controls. In view of our disposition of this case, we have no occasion to consider the validity of that contention, or Rev.Rul. 73–133, 1973–1 Cum. Bull. 606.

6. If "reasonableness" is considered an ultimate fact, our conclusion remains the same.

7. The Tax Court pointed out that under Rev. Rul. 71–129, 1971–1 Cum. Bull. 397, "a corporation which has completely liquidated prior to actual dissolution must file a return for the short period ending on the date of liquidation 'on or before the fifteenth day of the third *full* month following the close of the short period.'" 66 T. C. 743, 760 (1976).

er was aware of the due date. *See Logan Lumber Co. v. Commissioner of Internal Revenue,* 365 F.2d 846 (5th Cir. 1966).

In *Haywood Lumber Mining Co. v. Commissioner of Internal Revenue,* 178 F.2d 769 (2d Cir. 1950), the corporate secretary-treasurer gave a C.P.A. necessary books and records and told him to file the proper returns. He failed, however, to file a personal holding company return. The court found reasonable cause had been shown, the taxpayer had exercised ordinary business care and procedure, and consequently, no penalty should be assessed. The case was discussed in *Estate of Lammerts v. Commissioner of Internal Revenue,* 456 F.2d 681, 683 (2d Cir. 1972), where the court distinguished it by saying, "[w]e refused to penalize the taxpayer which reasonably relied on the accountant to file. Here there was no request or direction but simply passivity."

In *Hatfried v. Commissioner of Internal Revenue, supra,* we stated that "reasonable cause means nothing more than the exercise of ordinary business care and prudence." 162 F.2d at 635. *Economy Savings & Loan Co. v. Commissioner of Internal Revenue,* 158 F.2d 472, 475 (6th Cir. 1946), refused to permit a penalty, the court pointing out that "just what constitutes a taxable year or a taxable period within the year has been a matter of much concern and not free from ambiguity." *See also United States v. Martin,* 274 F.Supp. 1002 (E.D.Mo.1967), *aff'd,* 411 F.2d 1164 (8th Cir. 1969).

It is important to observe the statute uses the words "reasonable cause," not "extraordinary circumstances." The applicable Treasury Regulation, 26 C.F.R. § 301.6651–1(c) (1954 Code), provides: "If the taxpayer exercised ordinary business care and procedure and was nevertheless unable to file a return within the prescribed time, then the delay is due to a reasonable cause."

In the unusual circumstances of this case, we hold that the Commissioner failed to show that there was not reasonable cause for the delay in filing. Accordingly, the decision of the Tax Court will be affirmed, except insofar as it assessed a deficiency in the amount of $4,257.50 for the taxable year March 1, 1968 to January 22, 1969. That provision will be deleted from the decision.