Scott W. LEWIS, Administrator of the
Estate of Laura A. Lewis,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 77–1311.

United States District Court,
W. D. Pennsylvania.

Feb. 9, 1979.

Martin E. Cusick, Sharon, Pa., for plaintiff.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., Beth A. Kaswan, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

OPINION

ZIEGLER, District Judge.

I.  *History of Case*

This is a civil action to recover penalties and interest assessed and paid for the late filing of a federal estate tax return.  Jurisdiction is conferred by 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.  Presently before the court are cross motions for summary judgment.

The salient facts in this matter are not in dispute.  Plaintiff, Scott W. Lewis, is the administrator of the estate of Laura A. Lewis.  The decedent died on April 15, 1974.  Plaintiff was appointed administrator on June 26, 1974.  Lewis was aware of a filing requirement relative to a federal estate tax return on his mother's estate.[1]  However, he was ignorant of the precise date on which the return was due.

Lewis employed counsel to process all matters relating to the estate, including the filing of tax returns.  Counsel advised the administrator that the estate tax return was due within 15 months of the decedent's death.[2]  In fact, the return was due within nine months of the date of death, or January 15, 1975.

---

1.  Lewis deposition at p. 8.

2.  Lewis deposition at p. 9.  Defendant disputes this point, contending that counsel wrote a letter to the Lewis' children on July 17, 1974, advising that the return was due January 15,

1975.  However, plaintiff denies receiving the correspondence and thus, for the purpose of defendant's motion, we will assume that plaintiff was advised that the return was due within 15 months.

On January 27, 1975, plaintiff was informed by a trust officer at the First National Bank of Mercer County, Pennsylvania, that the federal estate tax return was delinquent.[3] Despite this information, the return was not filed until July 23, 1976, some 18 months later.

The Internal Revenue Service issued a timely assessment against the estate of Laura A. Lewis, pursuant to 26 U.S.C. § 6651(a)(1), for a delinquency penalty in the sum of $8,651.19. An additional penalty of $3,652.73, pursuant to 26 U.S.C. § 6651(a)(2), was imposed for failure to pay the penalty under § 6651(a)(1). Interest was assessed in the amount of $4,364.43 under 26 U.S.C. § 6601. On January 7, 1977, the estate fully satisfied these liabilities by remitting the sum of $16,960.05, which included additional accrued interest of $291.70. On January 14, 1977, the estate filed a claim for refund which was officially disallowed by letter dated May 2, 1977.

We hold that plaintiff's failure to timely file the estate tax return was unreasonable as a matter of law from January 27, 1975, that is, the date plaintiff discovered the return was delinquent, until the date the return was ultimately filed. Accordingly, plaintiff's motion for summary judgment will be denied, and defendant's motion for summary judgment will be granted in part. Defendant's motion will be denied with regard to the sum of $192.25 since, in our judgment, there are genuine issues of fact which preclude the entrance of summary judgment for either party with respect to this sum.

## II. *Discussion*

Under 26 U.S.C. § 6651(a)(1), a taxpayer is assessed a 5 percent penalty for each month an estate tax return is delinquent up to a maximum penalty of 25 percent, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." [4] Moreover, 26 U.S.C. § 6651(a)(2) imposes an additional penalty of 0.5 percent of the amount of the tax due, in this case $38,449.75, if the failure to pay is for not more than one month, with an additional 0.5 percent for each additional month during which such failure continues. Again, the maximum penalty is 25 percent and the penalty is not imposed if the failure to pay the tax is due to reasonable cause and not willful neglect.[5] 26 U.S.C. § 6601 imposes interest on all tardy payments regardless of the reasonableness of the taxpayer's failure to pay the tax.

The administrator contends that he relied on the advice of counsel in failing to file a timely return and, therefore, he acted with reasonable cause. On the other hand, the government argues that the duty to file a tax return is non-delegable and, therefore, if a taxpayer knows a return must be filed,

3. See stipulation of parties # H.

4. The provision states:
§ 6651. Failure to file tax return or to pay tax. (a) Addition to the tax.—In case of failure— (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

5. The provision states:
§ 6651. Failure to file tax return or to pay tax. (a) Addition to the tax.—In case of failure— (2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate . . . . .

it is unreasonable as a matter of law to rely on counsel to file the return when due. *See, United States v. Kroll*, 547 F.2d 393 (7th Cir. 1977). As such, the government asserts that plaintiff's failure to file the return when due was unreasonable as a matter of law and penalties must be assessed from January 15, 1975, until the date the tax was paid.

The rule in this Circuit was well summarized in *Sanderling v. C. I. R.*, 571 F.2d 174 (3d Cir. 1978):

> Where a taxpayer relies upon its accountant to file a return when due, his failure to do so, without more, ordinarily will not excuse the imposition of the penalty, *United States v. Kroll*, 547 F.2d 393 (7th Cir. 1977), at least in the situation where the due date is known to the taxpayer.

571 F.2d 174, 177. The *Sanderling* court cited with approval those cases which have rejected the reasonable cause defense "where the accountant [or lawyer] was late in filing the return but the taxpayer *was aware* of the due date." *Id.* at 178 (emphasis added).

■ *Sanderling* clearly established two principles: (1) the failure to exercise reasonable cause is not established as a matter of law merely because the taxpayer knows that a tax return is required; and (2) the failure to exercise reasonable cause is established as a matter of law where the taxpayer knows that a tax return is required and also knows the due date, yet continues to rely on counsel to file the return. In the instant case, the administrator acted unreasonably in relying on counsel from the date on which he was aware the tax return was past due, namely, January 27, 1975, until the date the return was filed, namely, July 23, 1976.

Under the statutory scheme set forth in 26 U.S.C. § 6651(a)(1), the maximum delinquency penalty of 25 percent is incurred during the fifth month. Here, the tax return was due January 15, 1975, and Lewis became aware of the due date on January 27, 1975. Since the return was not filed until approximately 18 months later, the maximum penalty was incurred even if the delinquency period is deemed to commence on January 27, 1975. Accordingly, judgment will be entered for defendant and against plaintiff with respect to the penalty assessed pursuant to § 6651(a)(1).

■ Under § 6651(a)(2), the maximum penalty of 25 percent is not incurred until the payment is 50 months late. Therefore, if the penalty period begins on January 27, 1975, the penalty under this subsection must be reduced by 0.5 percent of $38,449.75. The adjusted penalty is $3,460.48 rather than $3,652.75. Accordingly, judgment will be entered for defendant and against plaintiff for all but $192.25 of plaintiff's claim under § 6651(a)(2). As for the remaining $192.25, genuine issues of fact are presented concerning the reasonableness of plaintiff's reliance on counsel from January 15 to January 27, 1975. Defendant's motion for summary judgment must be denied with regard to this sum.

Under 26 U.S.C. § 6601, the interest charged is incurred regardless of the reasonableness of the late payment; therefore, judgment will be entered for defendant and against plaintiff with regard to the claim for interest.

In sum, we hold that the administrator's failure to file the estate tax return when due became unreasonable as a matter of law on the date on which he became aware the return was tardy. Accordingly, plaintiff's motion for summary judgment must be denied. Defendant's motion for summary judgment must be granted, in part, in accordance with this opinion.