S. FRANKLIN BURFORD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8330–80.     Filed January 19, 1981.

*S. Franklin Burford,* pro se.
*Barry Lederman,* for the respondent.

## OPINION

DAWSON, *Judge*: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on petitioner's motion to dismiss for lack of jurisdiction. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

---

[1]Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were heard in oral argument at Washington, D.C., on July 9, 1980. Petitioner is an attorney who has been admitted to practice before this Court since January 1957.

## OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: This case is presently before the Court on petitioner's motion to dismiss for lack of jurisdiction filed on June 2, 1980.

Respondent, in his notice of deficiency issued to petitioner on March 27, 1980, determined a deficiency of $73,326.20 in petitioner's gift tax for the tax year ended December 31, 1976. Petitioner timely filed his petition on June 2, 1980, and on the same day, he filed a motion to dismiss for lack of jurisdiction. Petitioner contends not only that the determination set forth in the notice of deficiency is incorrect but also that he made an overpayment of tax for the calendar quarter ended December 31, 1976, in the amount of $54,240.84. The basis for the motion to dismiss is that the notice of deficiency was issued for the tax year ended on December 31, 1976, but that the statute provides for the imposition of gift tax in calendar quarter periods.

Petitioner resided at Four Stemwinder Townhouse, Snowshoe, W. Va., on the date he filed his petition. He filed a gift tax return with the Internal Revenue Service at Memphis, Tenn., for the calendar quarter ended December 31, 1976. In the top right-hand corner of the cover letter to the notice of deficiency, the standard form reads "Tax Year Ended and Deficiency," and it is followed by typewriting which reads "December 31, 1976, $73,326.20." On Form 3615, which is attached to the cover letter and which sets forth the computation in explanation of the increase in tax, the standard form provides "Calendar Periods" under which is typed "12/31/76." On the form which provides for "Explanation of Items," Form 886-A, also attached to the notice of deficiency, the standard heading provides "Year/ Period Ended," under which is typed "12/31/76."

Respondent's determination of the gift tax deficiency was made on these grounds:

(a) It is determined that your forgiveness of a debt in the amount of $117,199.07 (the remaining unpaid principal on a note given to you by your former wife, Elizabeth Burford, and payable to you) constitutes a taxable gift in this amount pursuant to the provisions of Section 2511 of the Internal Revenue Code. As you did not report this gift, taxable gifts are increased by $117,199.07.

(b) Due to the gift in Item (a) above an additional exclusion of $3,000.00 is allowable.

(c) In December 1976 you transferred $600,000 into an irrevocable trust established by you. Under the terms of the trust agreement your wife Fern

Burford was to receive the net income derived from the trust estate during her lifetime and so much of the principal of the trust estate as the trustee might "from time to time determine to be in her best interests." The remainder interest was to be divided among your lineal descendents upon her death. That interest transferred in trust for the benefit of your wife, valued at $486,786.00, is ineligible for the split gift provisions of Section 2513(a)(1) of the Internal Revenue Code. It is therefore determined that the following gifts are eligible for the split gift provision:

| | | |
|---|---|---|
| 1. Remainder interest in trust | ........................ | $113,214.00 |
| 2. Valley Industries—7,000 shares | .................... | 49,382.90 |
| 3. Forgiveness of note | ................................ | 117,199.07 |
| Total split gifts | ........................................... | 279,795.97 |
| Less 50% | ................................................... | 139,897.99 |
| Split gifts as determined | ............................... | 139,897.98 |
| Split gifts per return | .................................. | 324,691.45 |
| Increase taxable gifts | ................................... | 184,793.46 |

With respect to the determined deficiency, petitioner in his petition alleges:

4. The determination of tax set forth in said notice of deficiency and said overpayment are based upon the following errors:

(a) The Commissioner erroneously included in taxable gifts the settlement of a claim against the Petitioner through his forgiveness of a $117,199.07 debt due him.

(b) Petitioner erroneously failed to take an additional exclusion of $3,000.00 on his return.

(c) The Commissioner erroneously included in taxable gifts $184,793.46 that, properly, is attributable to Petitioner's then spouse, Fern J. Burford.

(d) Petitioner erroneously included in his return a transfer in trust of $600,000.00 which transfer was made to satisfy his obligation to a mentally ill spouse.

(e) The Commissioner failed to give Petitioner a tax credit or off-set for the refund that will be due on Petitioner's then Spouse's (Fern J. Burford's) gift tax return for the calendar quarter ended December 31, 1976 in the amount of $54,240.94 if the amount referred to in (c) above is not attributed to said Fern J. Burford.

Petitioner insisted on oral argument and in his statement in support of his motion that respondent could not validly send a notice of deficiency for gift tax for any period other than a calendar quarter. Respondent on oral argument admitted that a typographical error was made in referring to the precise deficiency period as "Tax Year Ended December 31, 1976," but he asserts that considering the entire notice, petitioner could have, and did, as evidenced in his petition, reasonably determine

that the period in question was for the calendar quarter which ended December 31, 1976. We agree with respondent.

This Court is empowered by sections 6214 and 7442[2] to redetermine deficiencies as determined by the Commissioner in his notice of deficiency.

Section 2501 imposes a tax for each calendar quarter on the transfer of property by gift during such quarter by any individual. The imposition of the gift tax on a calendar quarterly basis instead of on the calendar year was a result of an amendment to the Internal Revenue Code made by Pub. L. 91–614, 84 Stat. 1836, effective January 1, 1971. The Senate report for that amendment clearly states that the provision was "designed to speed up collection of estate and gift taxes." S. Rept. 91–1444, 91st Cong., 2d Sess. (1970), 1971–1 C.B. 574.

The issuance of a notice of deficiency for a calendar year instead of the proper period, a calendar quarter, does not invalidate the notice in this case. Although this Court does not have jurisdiction over any period other than that specifically covered by the notice of deficiency,[3] where the notice covers an entire calendar year which includes the calendar quarter which was the proper taxable quarter, and the petitioner is not misled by the error, then it is a valid determination. See and compare *Sanderling, Inc. v. Commissioner*, 66 T.C. 743, 749 (1976), affd. on this issue 571 F.2d 174 (3d Cir. 1978); *Harvey Coal Corp. v. Commissioner*, 12 T.C. 596 (1949).[4]

In this case, the deficiency notice appears to have been issued for the entire calendar year 1976 which included the last calendar quarter of 1976 for which a gift tax return had been filed. The following language used by the Court of Appeals in *Sanderling* is equally applicable to this case:

But, here, the notice actually covered a time longer than that asserted by the taxpayer to be the proper period, and the transaction at issue in fact occurred before the end of that taxable year. A notice of a deficiency, even if it contains error, may nonetheless be valid where the taxpayer has not been misled as to

---

[2]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[3]*Columbia River Orchards, Inc. v. Commissioner*, 15 T.C. 253 (1950).

[4]See also *Estate of Stranahan v. Commissioner*, T.C. Memo. 1971–250, revd. on other grounds 472 F.2d 867 (6th Cir. 1973).

the proper year involved or the amounts in controversy. * * * [*Sanderling, Inc. v. Commissioner*, 571 F.2d 174, 176 (3d Cir. 1978).]

See also *Saint Paul Bottling Co. v. Commissioner*, 34 T.C. 1137 (1960); *Commissioner v. Forest Glen Creamery Co.*, 98 F.2d 968 (7th Cir. 1938), cert. denied 306 U.S. 639 (1939); *Wilkens & Lange v. Commissioner*, 9 B.T.A. 1127 (1928).[5]

In the notice of deficiency sent to petitioner, the transactions which triggered imposition of the gift tax were specifically enumerated. Those transactions actually occurred in the calendar quarter which ended December 31, 1976, which period was included in the notice of deficiency, and these amounts correspond to those reported on petitioner's gift tax return filed for the same calendar quarter. Furthermore, no other gift tax returns were filed for any prior periods in the calendar year ended December 31, 1976. Petitioner has not been misled as to the period covered by the notice of deficiency. In fact, petitioner specifically addressed the adjustments for each of the transactions in his petition.

Petitioner relies on *Schick v. Commissioner*, 45 T.C. 368 (1966), as authority for his proposition that the Tax Court lacks jurisdiction where respondent has issued a notice of deficiency for an incorrect period. In *Schick*, this Court held that respondent's notice of deficiency for a short taxable year, sent on the assumption that petitioner had liquidated at the end of that period, where the Court found that petitioner had not liquidated at that time, was an invalid notice because it covered a period which was shorter than petitioner's taxable year.

Petitioner's reliance on *Schick* is unfounded. As we explained in *Sanderling, Inc. v. Commissioner, supra*, the application of the *Schick* decision is limited to cases where the respondent issued a notice of deficiency for a fractional part of petitioner's taxable year. In that case, we said *Schick* does not "hold the notices to be invalid per se by reason of setting forth an incorrect taxable period, but rather that we lack jurisdiction over any period beyond the last date included in the deficiency notice." *Sanderling, Inc. v. Commissioner, supra* at 749–750 n. 7.

Finally, petitioner seeks a redetermination of his gift tax on the ground that he made an overpayment for the calendar

---

[5]See also *Fernandez v. Commissioner*, T.C. Memo. 1979–476.

quarter which ended December 31, 1976. By making this argument, petitioner has additionally indicated that he was not misled as to which taxable period the notice of deficiency referred. Thus, petitioner has waived any reliance on the typographical error in the deficiency notice as a basis to dismiss this case for lack of jurisdiction. *St. Paul Bottling Co. v. Commissioner, supra; Wilkins & Lange v. Commissioner, supra.*

Petitioner's motion to dismiss for lack of jurisdiction will be denied.

*An appropriate order will be issued.*