VIRGIL M. MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 2842-86
United States Tax Court
T.C. Memo 1988-461; 1988 Tax Ct. Memo LEXIS 506; 56 T.C.M. (CCH) 302; T.C.M. (RIA) 88461; September 22, 1988. Virgil M. Martin, pro se. Mike Jorgensen, for the respondent. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows (all section references are to the Internal Revenue Code of 1954, as amended and in effect during the *507 years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure): Additions To Tax Under Sections
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6654
1979
$ 30,009.97
$ 15,004.99
$ - 0 - - 0 -
$ 1,250.06
1980
1,340.00
670.00
- 0 - - 0 -
85.56
1981
1,292.00
646.00
- 0 - - 0 -
99.26
1982
1,048.00
- 0 - 524.00
*  102.22
1983
972.00
- 0 - 486.00 ** 59.48
By answer, respondent asserted additions to tax under sections 6651(a)(1), 6653(a), 6653(a)(1), 6653(a)(2), and 6654 as follows: Additions to Tax Under Sections
Year
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654
1979
$ 7,502.49
$ 1,500.50
$ - 0 -
- 0 -
$ 1,250.06
1980
335.00
67.00
- 0 -
- 0 -
85.56
1981
161.50
64.60
- 0 -
- 0 -
99.26
1982
262.00
- 0 - 52.40
*  102.22
1983
243.00
- 0 - 48.60 ** 59.48
By amendment to answer filed 12 *508 days prior to the call of the instant case from the calendar, respondent asserted a decrease in the deficiency for taxable year 1979 in the amount of $ 27,463.97 and increases in the deficiencies for the remaining taxable years in issue as follows: Year
Increase in Deficiency
1980
$ 210
1981
218
1982
585
1983
499
As a result of the amendment to respondent's answer, the deficiencies in and additions to petitioner's Federal income taxes sought by respondent are as follows: Additions to Tax Under Section
Year
Deficiency
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654
1979
$ 2,546
$ 636.50
$ 127.30
$ - 0 -
$ - 0 -
$ 106.40
1980
1,550
387.50
77.50
- 0 -
- 0 -
98.96
1981
1,510
377.50
- 0 -
75.50
*  115.71
1982
1,633
408.25
- 0 -
81.65 **  158.93
1983
1,471
367.75
- 0 -
73.55 ***  90.13
Respondent's answer, amended answer, and brief fail to assert any additions to tax under section 6653(b), and we take that *509 as a concession as to all additions to tax under section 6653(b). At the start of trail, respondent orally moved for the imposition of damages under section 6673. The issues for decision are as follows: (1) whether petitioner received unreported income and, if so, the amount thereof; (2) whether petitioner is liable for the additions to tax; and (3) whether petitioner is liable for damages under section 6673. For convenience, our findings of fact and opinion are combined. Certain of the facts have been stipulated and are so found. The stipulation of facts and exhibits thereto are incorporated herein by reference. At the time the petition in this case was filed, petitioner was a resident of Cocoa Beach, Florida. From 1979 through 1981 and during part of 1982, petitioner, as sole proprietor, operated a hardware business under the name of "Brevard Hardware and Paint," located in Cocoa Beach, Florida. For taxable year 1979, petitioner filed a protest-type document purporting to be a return. The document contained no information from which petitioner's Federal income tax liability could be determined. Petitioner filed no returns for taxable years 1980 through 1983. Attached *510 to his purported return for taxable year 1979 were typical protest-type statements asserting Fifth Amendment rights. During the same period, however, petitioner filed sales and use tax reports with the Department of Revenue for the State of Florida. Petitioner's books and records were requested during his audit, but he consistently refused to disclose any facts or to make his books and records available. The parties stipulated that petitioner is the same Virgil M. Martin who was a party in Martin v. Commissioner,T.C. Memo. 1985-43, affd. 803 F.2d 1184 (11th Cir. 1986), a case that involved petitioner's taxable years 1975 through 1978 (hereinafter "petitioner's prior case"). Based on information contained in the notice of deficiency at issue in petitioner's prior case, respondent determined in his notice of deficiency in the instant case that petitioner's income from the operation of Brevard Hardware and Paint for taxable year 1979 should be increased by $ 67,658.83. Relying upon statistics from the U.S. Bureau of Labor Statistics (the "Labor statistics"), respondent determined that petitioner's income for each of the taxable years 1980 through *511 1983 should be increased by $ 9,632. Respondent also determined that petitioner's income should be increased for dividends received in taxable years 1980, 1981, 1982, and 1983, in the amounts of $ 1,085, $ 1,192, $ 507, and $ 592, respectively, and for interest received in taxable year 1980 in the amount of $ 156. In his amended answer, respondent conceded the issue of interest income and also recalculated petitioner's income for taxable years 1979 through 1983. In those recalculations, respondent relied upon more current Labor statistics. Respondent deducted the previously asserted dividend income from the living expense statistics used to compute petitioner's income. The recalculations in the amended answer reduced the deficiency determined by respondent for taxable year 1979 and increased the deficiencies for taxable years 1980 through 1983. Since filing his petition with this Court, as well as throughout the pre-trial phase and the trial itself, petitioner has continued his "protestor" attitude in his dealings with this Court and with respondent's counsel. Almost all of petitioner's arguments have been frivolous and have served no purpose except to waste our time and *512 resources and those of respondent and his counsel. Petitioner's numerous motions, all without merit, contributed to that result. Petitioner has neither produced any books or records, nor satisfactorily explained their absence. Thus, although he has complained that the statutory notice was arbitrary, petitioner has declined to furnish respondent with sufficient information to determine petitioner's tax liability. The first issue for decision is whether petitioner had unreported taxable income as determined by respondent. When a taxpayer fails to maintain adequate books and records, respondent is entitled to reconstruct the taxpayer's income by any reasonable method. Holland v. United States,348 U.S. 121 (1954); Mallette Bros. Construction Co. v. United States,695 F.2d 145, 148 (5th Cir. 1983); Cupp v. Commissioner,65 T.C. 68, 82 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). The use of the Labor statistics in determining taxable income is an acceptable and reasonable method of income reconstruction. Pollard v. Commissioner,786 F.2d 1063, 1066 (11th Cir. 1986), affg. *513 T.C. Memo. 1984-536; Burgo v. Commissioner,69 T.C. 729, 749 (1978); Cupp v. Commissioner, supra;Giddio v. Commissioner,54 T.C. 1530, 1532 (1970). Such a method has been approved in numerous decisions of this Court. See Wagner v. Commissioner,T.C. Memo. 1987-601, on appeal (10th Cir., Mar. 8, 1988); Markman v. Commissioner,T.C. Memo. 1987-407; Schuck v. Commissioner,T.C. Memo. 1984-159; Varano v. Commissioner,T.C. Memo. 1984-135; Denson v. Commissioner,T.C. Memo. 1982-360; Wheeling v. Commissioner,T.C. Memo. 1982-246, affd. 709 F.2d 1512 (6th Cir. 1983); Kindred v. Commissioner,T.C. Memo. 1979-457, affd. 669 F.2d 400 (6th Cir. 1982); Funk v. Commissioner,T.C. Memo. 1979-426, affd. 672 F.2d 922 (9th Cir. 1982). Petitioner shoulders the burden of proving that the statutory notice is arbitrary, excessive or without foundation. Helvering v. Taylor,293 U.S. 507 (1935), affg. 70 F.2d 619 (2d Cir. 1934), reversing *514 and remanding 27 B.T.A. 1426 (1933); Jackson v. Commissioner,73 T.C. 394 (1979). However, "The Commissioner's determination is not made arbitrary or unreasonable because of his failure to have all the facts when the failure is caused solely by the petitioner." Roberts v. Commissioner,62 T.C. 834, 836-837 (1974). Respondent was forced to use statistics to reconstruct petitioner's income because petitioner did not file returns for the years in issue and did not provide respondent with any information concerning his income or deductions. Under the circumstances involved in the instant case, we do not find respondent's method of reconstructing petitioner's income for the taxable years 1979 through 1983 to be arbitrary, excessive, or without foundation. Thus, to the extent of the deficiencies determined in the notice of deficiency, we find for respondent since petitioner has forwarded no probative evidence to refute those determinations. Rule 142(a). Because respondent seeks increased deficiencies for taxable years 1980 through 1983, however, we must analyze the effect of respondent's burden of proof with respect to those increases. *515 Respondent has the burden of proving that petitioner is liable for the increases in the deficiencies. Rule 142(a); Achiro v. Commissioner,77 T.C. 881 (1981). Petitioner admitted to specific amounts of expenditures for his mortgage and property taxes. Petitioner also admitted to having expenses for transportation, utilities, and hobbies and entertainment. Those are three types of expenditures comprising the surveys upon which the Labor statistics are based. We find that the Labor statistics, supplemented by petitioner's admissions, establish a prima facie case that petitioner had income at least equal to those expenses. Cf. United States v. General Dynamics Corp.,415 U.S. 486, 496 (1974); Varano v. Commissioner,T.C. Memo. 1984-135 (statistics used to establish prima facie cases). When a party establishes a prima facie case, the burden of going forward with the evidence shifts to the other party. Suarez v. Commissioner,61 T.C. 841, 845 (1974). Petitioner did not offer any evidence to show that his expenditures for living expenses were different from the Labor statistics or that his income was from a *516 non-taxable source. Based upon our observation of petitioner and his demeanor, we do not believe his vague assertion that his living expenses were paid out of accumulated savings. The following is an example of petitioner's testimony explaining his source of funds to pay expenses: "I utilized a portion of my life, which was a gift from my creator, which was non-taxable; I exchanged portions of that gift for funds which I then utilized for various purposes." Petitioner offered no evidence to corroborate his testimony regarding his savings. We find petitioner's self serving, vague testimony unworthy of belief. Based upon the foregoing, we find that respondent has satisfied his burden of proof with respect to the increases in the deficiencies. Accordingly, we hold that petitioner is liable for the increased deficiencies asserted in respondent's answer for taxable years 1980 through 1983. We also accept respondent's revised determination for taxable year 1979 which reduced the deficiency for that year to $ 2,546. We now turn our attention to the additions to tax. In his answer and amended answer, respondent asserted additions to tax under sections 6651(a)(1) and 6653(a). In his *517 amended answer, respondent also asserted increases in the additions to tax under section 6654 consonant with the asserted increased deficiencies. The additions to tax under sections 6651(a)(1) and 6653(a) were first asserted in respondent's answer, and thus are new matters for which respondent has the burden of proof. Rule 142(a); Sanderling, Inc. v. Commissioner,66 T.C. 743, 757 (1976), affd. on this issue and revd. on other grounds 571 F.2d 174 (3d Cir. 1978). Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner filed no documents even purporting to be Federal income tax returns for taxable years 1980 through 1983, and the document filed by petitioner for taxable year 1979 is not a return. United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). Petitioner's conduct in this proceeding readily convinces us that his failure to file returns was due to willful neglect and not to any reasonable cause. We therefore hold that petitioner is liable for the *518 additions to tax under section 6651(a)(1). For taxable years 1979 and 1980, section 6653(a) provides that, if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. For taxable years 1981 through 1983, section 6653(a)(1) prescribed substantially the same addition to tax as section 6653(a) for taxable years 1979 and 1980. For taxable years 1981 through 1983, section 6653(a)(2) prescribes an addition to tax equal to 50 percent of the interest payable with respect to the portion of the underpayment attributable to the negligence or intentional disregard. Petitioner's repeated failures to file proper tax returns for each of the years in issue cogently convinces us that the underpayments of tax are attributable to intentional disregard of rules and regulations. We therefore hold that petitioner is liable for the additions to tax under section 6653(a) for taxable years 1979 and 1980 and the additions to tax under sections 6653(a)(1) and (a)(2) for taxable years 1981 through 1983. Section 6654 provides for additions to tax for the failure to pay *519 estimated income tax. Where payments of tax, through either withholding or quarterly estimated tax payments during the course of the year, do not equal the percentage of total liability specified by the statute, imposition of the addition to tax under section 6654 is automatic, unless petitioner comes within one of the limited statutory exceptions. Petitioner does not come within any of those exceptions. At trial, petitioner admitted that no taxes were withheld and that he made no estimated payments of income tax during any of the years in issue. Because we hold above that petitioner is liable for the deficiencies at issue, we hold that the additions to tax under section 6654 are proper. Finally, respondent seeks damages of $ 5,000 to be awarded to the United States on the ground that petitioner maintained the proceedings in the instant case primarily for purposes of delay or that his position was frivolous. Section 6673 provides that damages may be awarded "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer for delay [or] that the taxpayer's position in such proceeding is frivolous or groundless * * *." The *520 record in the instant case overwhelmingly establishes that petitioner is a protestor, despite his objections to the use of that term to describe him. Petitioner's attitude convinces us that he is a hard-core protestor who would like nothing better than to "throw great amounts of sand into the gears of the administrative process." Dresser Industries, Inc. v. United States,596 F.2d 1231, 1235 n. 1 (5th Cir. 1979), cert. denied 444 U.S. 1044 (1980). Petitioner failed to file returns for the years in issue. He refused to cooperate with respondent's agents and refused to supply those agents with any information. Although petitioner was given ample opportunity to present evidence to refute respondent's determinations, he failed to do so. Instead, throughout the pendency of the proceedings in the instant case, petitioner essentially has done little more than "sit on his fanny and yell." C. E. Wilson, remark at press conference in Detroit, Michigan (Oct. 11, 1954). Petitioner's course of conduct convinces us that he instituted these proceedings primarily to delay the payment of his taxes. Moreover, his position in this case is frivolous and groundless. *521 Petitioner was forewarned of the possibility that the Court might award damages if he continued in his course of conduct. In petitioner's prior case the United States was awarded damages of $ 500 and petitioner was expressly warned as follows: We also warn petitioner that we are authorized to impose damages in an amount not in excess of $ 5,000. Petitioner should bear that fact in mind in connection with any further proceedings which he may institute in this Court. Respondent advised petitioner that he would seek the imposition of damages if petitioner continued to assert frivolous and groundless positions in the Tax Court. The Court also reiterated that warning prior to the start of trial. We therefore award damages to the United States pursuant to section 6673 in the amount of $ 5,000. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
*. 50 percent of the interest due on $ 1,048.00. ** 50 percent of the interest due on $ 972.00.↩
*. 50 percent of the interest due on $ 1,048.00. ** 50 percent of the interest due on $ 972.00. ↩
*. 50 percent of the interest due on $ 1,510. ** 50 percent of the interest due on $ 1,633. *** 50 percent of the interest due on $ 1,471.↩