**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1603
_____

THE ESTATE OF JOHN R.H. THOURON,
CHARLES H. NORRIS, EXECUTOR

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-04058)
District Judge: Honorable Joel H. Slomsky

_____

Argued January 14, 2014

Before: AMBRO, HARDIMAN,
and GREENAWAY, Jr., <u>Circuit Judges</u>

(Opinion filed:  May 13, 2014)

Joel L. Frank, Esquire
William H. Lamb, Esquire
Maureen M. McBride, Esquire     (Argued)
Scot R. Withers, Esquire
Lamb McErlane
24 East Market Street
P.O. Box 565
West Chester, PA 19381

      Counsel for Appellant


Zane D. Memeger
  United States Attorney
Kathryn Keneally
  Assistant Attorney General
Jonathan S. Cohen, Esquire          (Argued)
Jennifer M. Rubin, Esquire
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC  20044

William B. Russell, Jr., Esquire
United States Department of Justice
Tax Division
P.O. Box 55
Ben Franklin Station
Washington, DC  20044

      Counsel for Appellee

_____

OPINION OF THE COURT
_____

AMBRO, Circuit Judge

The Estate of John Thouron ("the Estate") filed a complaint contending that the Internal Revenue Service improperly failed to refund the penalty assessed the Estate for late payment of its tax liability. It argues that its reliance on the advice of its expert tax counsel excused the failure to pay by the deadline set by statute. The United States (the "Government"), on behalf of the IRS, moved for summary judgment. The District Court granted the motion, holding that under Supreme Court precedent the Estate could not show "reasonable cause," a required element to excuse late payment, based on expert advice under these facts. Because it may be possible for the Estate to establish reasonable cause, we vacate and remand for further proceedings in the District Court.

**I. Background**

Sir John Thouron ("Thouron") died on February 6, 2007 at the age of 99, leaving behind a substantial estate. Because both his wife and only child predeceased him, Thouron's two grandchildren are his only heirs. In his will, he named Charles H. Norris ("Norris") executor of his estate. Norris, in turn, retained Cecil Smith ("Smith"), an experienced tax attorney, to provide tax advice for the Estate.

As discussed below, the Estate's tax return and payment were initially due by November 6, 2007. On that date, the Estate filed a request for an extension of time to file its return and made a payment of $6.5 million, which was

much less than it would ultimately owe. The Estate argues that it did not pay the balance of its liability or, in the alternative, request an extension of time to pay at least in part because of advice from Smith relating to the possibility of electing to defer certain liabilities under 26 U.S.C. § 6166. This provision allows qualifying estates to elect to pay a portion of their tax liability in installments over several years. As requested, the Estate received an automatic six-month extension of time to file the return, which put the deadline at May 6, 2008.

The Estate timely filed its return in May 2008 and on the same day requested an extension of time to pay. It made no election to defer taxes under § 6166, because by that time it had conclusively determined it did not qualify. The IRS denied as untimely the Estate's request for an extension of time to pay and subsequently notified the Estate that it was imposing a failure-to-pay penalty, which the Estate unsuccessfully appealed administratively. After losing the administrative appeal, the Estate filed an appropriate form and paid all outstanding amounts, including a penalty of $999,072, plus accrued interest on the penalty. Three months later, it filed a request with the IRS for a refund of that amount. After not receiving a response from the IRS, the Estate filed a complaint in the Eastern District of Pennsylvania seeking the refund and alleging that its failure to pay resulted from reasonable cause and not willful neglect (thus not subject to penalty). The Government moved for summary judgment, and the District Court granted the motion. The Estate timely appeals.

## II. Jurisdiction and Standard of Review

Because the Estate is seeking the refund of a previously paid tax penalty, the District Court had jurisdiction under 28 U.S.C. § 1346(a)(1). We have jurisdiction under 28

U.S.C. § 1291. We review summary judgment orders *de novo*. *Hampton v. Borough of Tinton Falls Police Dep't*, 98 F.3d 107, 111-12 (3d Cir. 1996). In this review, we apply the same test as the District Court, *id.* at 112, which states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. Analysis

Under the Internal Revenue Code, an estate is required to file an estate and gift tax return within nine months after the decedent's death. *See* 26 U.S.C. § 6075. Unless properly extended or subject to some exception, the payment of tax is due at the same time as the relevant return. 26 U.S.C. § 6151(a). Here, the nine-month deadline was November 6, 2007. Although the Estate requested and received an automatic six-month extension of the time to file, "[a]n extension of time for filing a return does not operate to extend the time for payment of the tax." Treas. Reg. § 20.6081-1(e); *see also* 26 U.S.C. § 6151(a) (stating that the payment deadline is "determined without regard to any extension of time for filing the return"). Therefore, despite the filing extension, the Estate was required to pay its full tax liability, ultimately calculated at just over $20 million, on or before the November deadline. Instead, the Estate paid only part of its tax liability, $6.5 million, by that date.

If a tax is not paid in full by the prescribed due date, a mandatory penalty is assessed of "0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues," up to a maximum of 25 percent. 26 U.S.C. § 6651(a)(2). The penalty applies "unless it is shown that such failure is due to

5

reasonable cause and not due to willful neglect." *Id.* The "heavy burden" of showing both elements falls on the taxpayer. *United States v. Boyle*, 469 U.S. 241, 245 (1985).

A taxpayer shows reasonable cause for failure to pay a tax on time by establishing that "he [or she] exercised ordinary business care and prudence in providing for payment of his [or her] tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship . . . if he [or she] paid on the due date." Treas. Reg. § 301.6651-1(c)(1). Among other things, the Estate argues that its reliance on the advice of Smith, a tax expert, as to the applicable tax law was reasonable cause for the failure to pay its full tax liability by the November 2007 deadline.

The District Court read the Supreme Court's decision in *Boyle* to preclude any finding of reasonable cause based on reliance on an expert or other agent. "The Court [there] established a bright line rule that the 'failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing.'" Dist. Ct. Op. at 9-10 (quoting *Boyle*, 469 U.S. at 252). Although the opinion of the District Court acknowledged that retaining Smith was an exercise of "ordinary business care and prudence," it concluded that "reliance on an agent for compliance with unambiguous deadlines does not constitute 'reasonable cause' for a late payment of tax within the meaning of Section 6651(a)(2)." *Id.* at 13.

While *Boyle* was a late-filing case, the District Court adopted the reasoning of the Ninth Circuit Court in *Baccei v. United States*, 632 F.3d 1140 (9th Cir. 2011), to conclude that "the holding in *Boyle* applies with equal force to a failure to pay a tax because the 'reasonable cause' excuse for failing to file a return or pay a tax timely in both subsections is the

same."[1] Dist. Ct. Op. at 11 (citing 26 U.S.C. § 6651(a)(1)-(2)). We agree that *Boyle* is relevant to failure-to-pay cases. *See E. Wind Indus., Inc. v. United States*, 196 F.3d 499, 504 n.5 (3d Cir. 1999). The District Court, however, applied *Boyle* more bluntly than would we.

As we read it, *Boyle* identifies three distinct categories of late-filing or, by extension, late-payment cases. In the first category, a taxpayer relies on an agent for the ministerial task of filing or paying. *See Boyle*, 469 U.S. at 249-50. In the second, "in reliance on the advice of his [or her] accountant or attorney, the taxpayer files a return after the actual due date but within the time the adviser erroneously told him [or her] was available." *Id.* at 251 n.9. In the third, "an accountant or attorney *advises* a taxpayer on a matter of tax law[.]" *Id.* at 251 (emphasis in original).

By its facts, *Boyle* fits into the first category. Robert W. Boyle was the executor of the will of his mother, Myra Boyle, and retained an attorney, Ronald Keyser, on behalf of his mother's estate. *Id.* at 242. Boyle "relied on Keyser for

---

[1] Contrary to the District Court's statement, the definitions of "reasonable cause" for failure to file and failure to pay are similar but not identical. Reasonable cause for failure to file is shown where "the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time[.]" Treas. Reg. § 301.6651-1(c)(1). Reasonable cause excuses failure to pay, as noted above, "to the extent that the taxpayer has made a satisfactory showing that he [or she] exercised ordinary business care and prudence in providing for payment of his [or her] tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship (as described in [Treas. Reg. § 1.6161-1(b)]) if he [or she] paid on the due date." *Id.*

instruction and guidance." *Id.* Although Boyle repeatedly checked in with Keyser on the status of the estate's return, the attorney "overlooked the matter because of a clerical oversight in omitting the filing date from Keyser's master calendar." *Id.* at 243. As a result, the return was not filed until almost three months after the deadline. *Id.* In this context, the Court opined that executors have a "fixed and clear" duty to ensure that returns are timely filed that cannot be discharged by delegating responsibility to an attorney or accountant. *Id.* at 249-50; *see also id.* at 250 ("That the attorney, as the executor's agent, was expected to attend to the matter does not relieve the principal of his duty to comply with the statute."). Thus, when the Supreme Court reached the holding quoted by the District Court, the relevant "reliance on an agent" was for the administrative act of filing the return. *See id.* at 252.

*Boyle* specifically did not reach the remaining categories. It noted a split of authority as to the second category, citing, *inter alia*, our decision in *Sanderling, Inc. v. Commissioner*, 571 F.2d 174, 178-79 (3d Cir. 1978), as among those holding that a taxpayer could show reasonable cause where he or she filed (or paid) before what he or she was erroneously advised was the deadline. *Boyle*, 469 U.S. at 251 n.9. The Court explicitly declined to resolve this dispute. *Id.* ("We need not and do not address ourselves to this issue."). As to the third category, *Boyle* stated that "[t]his case is not one in which a taxpayer has relied on the erroneous advice of counsel concerning a question of law." *Id.* at 250. In such cases, "[c]ourts have frequently held that 'reasonable cause' is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a return, even when such advice turned out to have been mistaken." *Id.* (citing cases). The Court identified our opinions in *Hatfried, Inc. v. Commissioner*, 162 F.2d 628, 633-35 (3d Cir. 1947), and

8

*Girard Investment Co. v. Commissioner*, 122 F.2d 843, 848 (3d Cir. 1941), as among those so holding.

The Court drew a distinction between relying an expert's clerical action, as in the first category, and relying on expert's advice, as in the second and third categories. Resolving questions of tax law is difficult, and "[m]ost taxpayers are not competent to discern error in the substantive advice of an accountant or attorney." *Boyle*, 469 U.S. at 251. "By contrast, one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due." *Id.* As the Court noted, lay people can and often do file or pay themselves. *Id.* at 251-52. For this reason, taxpayers may rely on the advice of an expert but may not, for purposes of completing their statutory duty, rely on an agent to perform the task of filing or paying.

Therefore, we read *Boyle* as reaching only the first category of cases and requiring only that reliance on another to perform the ministerial task of filing or paying cannot be reasonable cause for failure to file or pay by the deadline. By any account, much less interpreting the facts in the light most favorable to the non-movant, that is not what occurred here. Hence we hold that a taxpayer's reliance on the advice of a tax expert may be reasonable cause for failure to pay by the deadline if the taxpayer can also show either an inability to pay or undue hardship from paying at the deadline. Because there is at least a genuine dispute of material fact as to whether that reliance occurred here, it remains for the District Court, after further factfinding, to apply the law in light of this holding.

\* \* \* \* \*

9

*Boyle* dealt with a "clerical oversight" in failing to file a return by the deadline.  It did not rule on when taxpayers rely on the advice of an expert, whether that advice relates to a substantive question of tax law or identifying the correct deadline.  Our case is one of the failure of expert advice, not (at least on the record before us) the failure of agent task-completion. Thus the Estate has the right to make, if it can, the showings required to avoid late-payment penalties and interest.  We thus vacate and remand to the District Court for further proceedings.