**Charlotte H. GERDES, Executrix, Estate of Hugh G. Miller, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–79–0335 SC.**

United States District Court,
N. D. California.

Aug. 20, 1980.

Brookes & Brookes, San Francisco, Cal., for plaintiff.

G. William Hunter, U. S. Atty. by Jay R. Weill, Asst. U. S. Atty., Tax Division, San Francisco, Cal., for defendant.

## ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT

CONTI, District Judge.

### I. INTRODUCTION

Plaintiff brought this lawsuit seeking the refund of $47,564.13 in penalties and interest assessed and collected by the Internal Revenue Service against the Estate of Hugh G. Miller. These assessments under 26 U.S.C. § 6651 (hereinafter Section 6651) arose out of the Estate's failure to timely file an estate tax return and to timely pay the estate taxes owed by it.[1]

This matter is presently before the court on the joint motion of the parties to reinstate cross motions for summary judgment. On May 16, 1980, this court denied the cross motions for summary judgment due to the existence of a genuine issue of material fact. The court found that a determination of the factual issue of reasonable cause could obviate the need to decide the legal issue presented in the cross motions for summary judgment. Subsequent to the court's order denying summary judgment, the parties filed a stipulation in which the plaintiff abandoned the allegation that its failure to file the return in a timely fashion was attributable to reasonable cause. In view of this stipulation, the only issue remaining in this lawsuit is the legal question

---

1. Hugh G. Miller died on March 6, 1969. The estate tax return for Miller's Estate was due to be filed on or before June 6, 1970. The return, however, was not filed until July 7, 1975, more than five years late. In that return, the Estate reported and paid an estate tax liability of $60,659. The Internal Revenue Service subsequently assessed the following penalties:

1) Penalty under Section 6651(a)(1) for failure to file the return when due ... $13,648.28
2) Penalty under Section 6651(a)(2) for failure to pay the tax when due ... $15,166.75
The total penalties assessed amounted to $28,815.03.

as to the maximum penalties that can be assessed under Sections 6651(a)(1) and (a)(2).

## II. *STANDARD FOR SUMMARY JUDG-MENT*

■ The standard for summary judgment is a strict one. Summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. F.R. Civ.P. 56; *Radobenko v. Automated Equip. Co.*, 520 F.2d 540, 543 (9th Cir. 1975).

■ The party moving for summary judgment has the burden of establishing that there is no triable issue of fact. It is not the function of the trial court to resolve genuine factual issues, including credibility; and for purposes of ruling on the motion all factual inferences are to be taken against the moving party and in favor of the opposing party. *See* 6 Moore's *Federal Practice* ¶ 56.15[8], at 642–643 (2d ed. 1979).

## III. *DISCUSSION*

Congress provided in Sections 6651(a)(1) and (a)(2), respectively, for penalties to be assessed for a failure to file a tax return when due and for a failure to pay the tax when due.[2] Section 6651(a)(1) provides, in pertinent part, that in case of a failure to file a return,

" . . . there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than one month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate . . ."

Section 6651(a)(2) provides, in pertinent part, that in case of a failure to pay the amount shown on a return,

" . . . there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than one month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate . . ."

The single question before this court is to determine whether the combined penalties under Sections 6651(a)(1) and (a)(2) can exceed 25 percent of the tax owed. Plaintiff argues that, in the event of a failure both to file a tax return and to pay the tax when due, Section 6651 does not permit combined penalties to exceed 25 percent of the tax owed. On the other hand, the United States of America (hereinafter United States) argues that the 25 percent ceiling applies separately to penalties assessed under Sections 6651(a)(1) and (a)(2). While the United States concedes that the statute clearly does not permit a penalty under either paragraph to exceed 25 percent of the tax owed, it urges the court to conclude that the ceiling does not apply to the combined penalties under the two paragraphs.

The legal authorities offered by the parties in support of their interpretations of the statute are few. Plaintiff relies primarily on two authorities in support of its argument. First, plaintiff refers to the "Explanation of Penalty or Interest Charges" which is sent to a taxpayer by the Internal Revenue Service along with the assessment of penalty. In that explanation, the taxpayer is told that the combined penalty is not more than 25 percent of the tax not timely paid. Plaintiff forcefully argues that this statement to the taxpayer should be considered by the court to be an official and binding interpretation of Section 6651. Plaintiff, however, has offered no authority to the effect that an Internal Revenue Service explanation carries any weight of authority when a court is interpreting a statute. In view of the Department of Treasury regulation to be discussed herein, the

2. Section 6651 does not utilize the term penalty, but instead refers to addition to the tax. For purposes of this discussion, the use of the term penalty is intended to refer to an addition to the tax as described in Section 6651.

court finds that the explanation sent to the taxpayer is not persuasive authority. Second, plaintiff relies on Section 6651(c). Section 6651(c)(1)(A) sets forth a limitation on the penalties that can be assessed under more than one paragraph of Section 6651.[3] Plaintiff argues that this limitation compels a conclusion that under Sections 6651(a)(1) and (a)(2), the combined penalties under both paragraphs cannot exceed 25 percent. Section 6651(c), however, contains no such limitation. Section 6651(c)(1)(A) merely provides that for a month in which there is an overlap and penalties are assessed simultaneously under both paragraphs, the total amount assessed for that month is to be 5 percent rather than 5.5 percent.[4] This limitation clearly applies only to months in which the penalties are assessed simultaneously under both paragraphs. Section 6651(c)(1)(A) has no effect on months in which penalties are assessed under only one paragraph. This subsection is also entirely silent respecting a 25 percent limitation on the combined penalties under Sections 6651(a)(1) and (a)(2). Subsection (c), therefore, bears no direct relation to the issue presented in these motions and does not support plaintiff's position.[5]

The United States relies primarily on 26 CFR § 301.6651–1 (1979) for support of its interpretation of the statute. In example (2), this Internal Revenue Service, Department of the Treasury regulation illustrates how the penalties are to be computed when there is an overlap between the penalties under Sections 6651(a)(1) and (a)(2). In this particular example, the combined penalties under the two paragraphs constitute more than 25 percent of the tax owed. If the court, therefore, finds that this regulation is persuasive authority, then the interpretation of the statute put forth by the United States would be correct.

The United States Supreme Court has declared on numerous occasions that Treasury regulations must be sustained by the Court unless they are unreasonable and "plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons." *Commissioner of Int. Rev. v. South Texas L. Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948). The court finds, after a thorough investigation of the statute involved, the legislative history, and the regulation itself, that the regulation is entirely consistent with the interpretation of Section 6651 put forth by the United States.[6] Therefore, this court must conclude that the regulation is persuasive authority.

In view of the plain words of Section 6651, along with the authorities presented by the parties, the court concludes that the 25 percent ceiling found in Sections 6651(a)(1) and (a)(2) applies to penalties assessed under each respective paragraph. The 25 percent ceiling, however, does not apply to the combined penalties assessed under both paragraphs.

---

3. Section 6651(c)(1)(A) reads as follows:
   With respect to any return, the amount of the addition under paragraph (1) of subsection (a) shall be reduced by the amount of the addition under paragraph (2) of subsection (a) for any month to which an addition to tax applies under both paragraphs (1) and (2).

4. The penalty assessment under subsection (a)(1) is 5 percent per month, while the assessment under subsection (a)(2) is 0.5 percent per month. Therefore, if both penalties applied in full for a given month then the penalty assessment would be 5.5 percent. The practical effect of Section 6651(c)(1)(A) is to limit the penalty assessment in such a situation to 5 percent.

5. The court is of the view that if subsection (c) bears any relation to the issue in these motions,

it supports the interpretation of the United States. Subsection (c) is entitled Limitations and Special Rule. Had Congress intended that there be a 25 percent limit on the combined penalties under paragraphs (a)(1) and (a)(2), it could have clearly stated as such in subsection (c). The absence of such language implies that there is no such limitation.

6. The legislative history to Section 6651 sheds no light on the issue presented in these motions. *See* S.Rep. No. 91–552, 91st Cong., 1st Sess., *reprinted in* [1969] *U.S. Code Cong. & Admin.News,* pp. 1645, 2027, 2336–37; Conf. Rep. No. 91–782, 91st Cong., 1st Sess., *reprinted in* [1969] *U.S. Code Cong. & Admin.News,* pp. 2392, 2455.

In accordance with the foregoing, it is hereby ordered that plaintiff's motion for summary judgment is denied and that defendant's motion for summary judgment is granted.