**Myron SMITH and Barbara Smith, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 82 Civ. 4506 (MJL).**

United States District Court, S.D. New York.

July 7, 1983.

---

Kostelanetz & Ritholz, New York City, for plaintiffs.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., by Stephen A. Dvorkin, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

### INTRODUCTION

Myron and Barbara Smith (plaintiffs) commenced this action seeking a refund, with interest and costs, of penalties incurred for failure to file a timely tax return and for delinquency in payment of the taxes owed on such return. The United States government (defendant) now moves for summary judgment on the ground that the penalties imposed on plaintiff were justified and non-refundable under § 6651 of the Internal Revenue Code.[1] Plaintiffs dispute this position in a cross-motion for summary judgment which argues that the defendant misinterpreted and misapplied § 6651.

The facts underlying this action are simple. On November 27, 1978, plaintiffs filed their overdue 1975 joint income tax return.[2] Upon filing this return, plaintiffs owed the sum of $50,953.28 for unpaid taxes.[3] Pursu-

---

1. 26 U.S.C. § 6651 provides in pertinent part:
 Sec. 6651. Failure To File Tax Return Or To Pay Tax.
 (a) *Addition to the Tax.*—In case of failure—
 (1) to file any return required under authority of subchapter A of chapter 61 ... on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;
 (2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; or ...
 $$* \quad * \quad * \quad * \quad * \quad *$$
 (c) *Limitations and special rule.*—
 (1) *Additions under more than one paragraph.*—
 (A) With respect to any return, the amount of the addition under paragraph (1) of subsection (a) shall be reduced by the amount of the addition under paragraph (2) of subsection (a) *for any month to which an addition to tax applies under both paragraphs (1) and (2)* (emphasis added).

2. *See* Defendant's Exhibit 1, "Certificate of Assessments and Payments", page 1, attached to Defendant's Notice of Motion for Summary Judgment. The "original" filing date was April 15, 1976, which was extended seven months to October 15, 1976. The "actual" date of filing on November 27, 1978, was 25 months after the "extension" date (32 months after the "original" filing date).

3. The 1975 return actually shows a tax liability of $59,145.49. However, plaintiffs were credited with their withholding of $3,192.21 along with a $5000 payment on April 16, 1976 (totalling $8,192.21 of credits), reducing the tax owed to $50,953.28. *See* Memorandum of Law in Support of Defendant's Motion for Summary Judgment, page 3, citing Defendant's Exhibit 1.

ant to § 6651, the Internal Revenue Service (IRS) assessed penalties for late filing and non-payment of taxes. These penalties in the amount of $19,617.01 were paid in full by plaintiffs.

Plaintiffs contend that § 6651 limits the aggregate of late filing and late payment penalties to no more than 25 percent of the net amount of income taxes due. The government argues that in a case such as the present one, where a taxpayer has failed to file or pay within five months of the date a return is due, the statute permits the accrual of a penalty exceeding 25 percent. For the reasons set forth below, the Court agrees with government and grants summary judgment in its favor.

## STANDARD OF REVIEW

On a summary judgment motion, the Court does not act as a trier of fact but, on the record before it, determines whether there are any genuine issues of material fact. F.R.Civ.P. 56; *FLLI Moretti Cereali v. Continental Grain Co.,* 563 F.2d 563, 566 (2d Cir.1977), *citing United States v. Bosurgi,* 530 F.2d 1105 (2d Cir.1976); *Travelers Indemnity Co. v. M.S. Kiso Maru,* 471 F.Supp. 898, 900 (S.D.N.Y.1979); *see* 10A Wright & Miller, Federal Practice and Procedure: Civil § 2725 at 75 and § 2728 at 178 (1983).

In the case at hand, the parties stipulate that there are no disputed factual issues; the sole question before the Court is a question of law, which may properly be resolved on a motion for summary judgment.

## DISCUSSION

Sections 6651(a)(1) and 6651(a)(2) respectively provide for penalties to be assessed against a taxpayer for failure to file a tax return and for delinquent tax payment. Section 6651(a)(1) states that a 5% penalty (on the amount of tax owed) is to be levied upon the taxpayer for each month that a filing is overdue until five months have passed or, in other words, until a 25% maximum penalty has been reached. Upon failure to pay the amount shown on a return, § 6651(a)(2) separately provides that a .5% penalty shall be assessed upon the taxpayer for each unpaid month with a maximum penalty of 25%, which would not be reached for fifty months.

The IRS has interpreted subsections (a)(1) and (a)(2) of § 6651 to provide for two separate and very different penalties, which operate independently of one another except when the penalties are to be imposed simultaneously, a situation governed by subsection (c). 26 C.F.R. § 301.6651–1 (1982). Subsection (c) provides that for any period during which failure to file overlaps with failure to pay, the 5% monthly penalty for failure to file must be offset by the .5% monthly penalty for nonpayment. Thus, under the IRS interpretation, a taxpayer who failed to file or pay for fifty months or longer could be penalized 25% for failure to pay (.5% × 50 months) and 22.5% for failure to file (5% × 5 months offset by .5 × 5 months for the period during which the nonpayment penalty was also imposed).[4]

---

4. The second example given in the regulation provides an illustration of how the penalties are computed when they overlap:

> Example (2). An individual files his income tax return for the calendar year 1969 on December 2, 1970, and such delinquency is not due to reasonable cause. The balance due, as shown on the return, of $500 is paid when the return is filed on December 2, 1970. In addition to interest and the addition for failure to pay under section 6651(a)(2) of $20 (8 months at 0.5% per month, 4%), there will also be imposed an additional amount under section 6651(a)(1) of $112.50, determined as follows:

| | |
|---|---|
| Penalty at 5 percent for maximum of 5 months, 25 percent of $500 | $125.00 |
| Less reduction for the amount of the addition under section 6651(a)(2): | |
| Amount imposed under section 6651(a)(2) for the months in which there is also an addition for failure to file – 2½ percent for the 5 months April 16 through September 15 of the net amount due ($500) | 12.50 |
| Addition to tax under section 6651(a)(1) | $112.50 |

Plaintiffs dispute this interpretation, arguing that the 25% ceiling provided for in subsections (a)(1) and (a)(2) limits the *combined* penalties which may be assessed for delinquent filing and late payment.

■ The IRS interpretation of § 6651 must, of course, be accorded substantial deference. This is so because "Congress has delegated to the Commissioner, not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code." *United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 449–450, 19 L.Ed.2d 537 (1967). Interpretative regulations "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes." *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948); *accord National Muffler Dealers Ass'n v. United States,* 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979).

In the present case, the language and structure of § 6651, as well as its legislative history, support the IRS interpretation. As discussed above, both Sections 6651(a)(1) and 6651(a)(2) by their own terms provide for 25% maximum penalties. The only subsection governing the relationship between (a)(1) and (a)(2) is subsection (c) which provides for offsetting in the case of overlap, but imposes no maximum on the combined penalties which may be imposed under (a)(1) and (a)(2). Thus the Court can find no evidence on the face of the statute that the 25% limitations were intended to apply to the late filing penalty and the nonpayment penalty aggregately. The legislative history of § 6651 further reinforces the notion that subsections (a)(1) and (a)(2) are distinct provisions, each with its own separate maximum. Prior to enactment of the Tax Reform Act of 1969, the only penalty for late payment of taxes was an annual assessment of interest at a statutory rate of 6%. The penalty for failure to file was, as it is today, 5% per month with a 25% limitation.[5] The change in the penalty for late payment came about as a result of congressional concern that, since the cost of borrowing money at that time was higher than 6%, it was to the advantage of taxpayers to file on the due date, but delay in paying their taxes. The 6% annual penalty constructively operated as a 6% bargain loan to delinquent taxpayers. To correct this problem, the Senate Finance Committee proposed the adoption of 6651(a)(2) which, as it was originally drafted, would have imposed a 5% monthly penalty for non-payment of taxes, with a 25% maximum. S.Rep. No. 91–552, 91st Cong., 1st Sess. (1969) at 2027, 2037, 2336–37, 2455, U.S.Code Cong. & Admin.News 1969, p. 1645;[6] *see* 4 Bittker, *Federal Taxation of Income, Estates and Gifts* § 114.32 at 114–31 (1981). As finally enacted, the non-payment penalty in § 6651(a)(2) was changed to .5% per month, with the same 25% maximum. The penalty for failure to file was left distinctly intact. There is absolutely no indication in the legislative history that the enactment of subsection (a)(2) was intended to impose a new limitation on the aggregate penalties available under sections (a)(1) and (a)(2). In fact such a limitation, which would have resulted in a *decrease* in the total penalties which could be imposed, would have been contrary to the general purpose of the amendment, which was to expand potential penalties for nonpayment of taxes.

In short, this Court finds that the IRS interpretation of § 6651 is consistent with both the language and purpose of the statute. Therefore, we are bound to uphold it. The same result was reached in *Gerdes v. United States,* 498 F.Supp. 385 (N.D.Cal. 1980), the only other case directly to address

It is important to note that in the example given, the combined penalties aggregate to more than 25 percent of the tax owed.

5. Under the previous statute there was no offset provision as there is today; the penalty for failure to file and the interest charge on nonpayment operated completely independently.

6. Senate Committee Reports are binding as "authoritative pronouncements" of legislative intent. *Commissioner v. Bilder,* 369 U.S. 499, 504–04, 82 S.Ct. 881, 883–884, 8 L.Ed.2d 65 (1962).

this issue.[7] We conclude, as did the Court in *Gerdes,* that:

> [T]he 25 percent ceiling found in Sections 6651(a)(1) and (a)(2) applies to penalties assessed under each respective paragraph. The 25 percent ceiling, however, does not apply to the combined penalties assessed under both paragraphs.

*Gerdes,* at 388.

Therefore, the Court finds that the penalty imposed upon plaintiffs was calculated in accordance with § 6651,[8] and grants summary judgment in favor of the government.

---

**7.** *See also Lewis v. United States,* 467 F.Supp. 30 (W.D.Pa.1979), where the court, without expressly considering the issue before us, upheld the imposition of § 6651 penalties which in the aggregate exceeded 25% of the tax due.

**8.** In the instant case, using the IRS interpretation of § 6651, the correct calculation of the penalties totalling $19,617.01 would be as follows:

| | |
|---|---|
| Delinquency penalty at 5% for maximum of 5 months, 25% of $50,953.28 | $12,738.32 |

Less amount imposed under § 6651 (a)(2) for failure to pay the months in which there was an addition for failure to file: − 2½ percent for the 5 months October 16, 1976 through March 15, 1977 on the amount due of $50,953.28 $(1,273.83)

| | |
|---|---|
| Addition to tax under 6651(a)(1) | $11,464.49 |

Failure to pay as of 11/27/78:
32 months x .5% = 16%
16% x $50,953.28 (tax due) = 8,152.52

| | |
|---|---|
| Addition to tax under § 6651(a)(2) | 8,152.52 |
| Total | $19,617.01 |

*See* Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment, at 4.