William J. Brennan, Asst. U.S. Atty., New York City, for defendants.

**Salvatore and Diane DiSIMONE,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendants.**

**No. 82 Civ. 6561 (SWK).**

United States District Court,
S.D. New York.

Nov. 30, 1983.

## MEMORANDUM AND ORDER

KRAM, District Judge.

This is a refund action brought by two taxpayers seeking return of penalties imposed against them by the Internal Revenue Service ("IRS") for filing late tax returns and late payment of taxes owed for tax years 1972, 1973 and 1974. The basis of this claim for a refund is that the IRS misinterpreted the applicable section of the Internal Revenue Code ("I.R.C.") and consequently imposed an excessive penalty against the taxpayers. Plaintiffs seek the return of that part of the penalty paid which exceeds the penalty as calculated using plaintiffs' interpretation of the applicable code section. The case comes before

this Court now on plaintiffs' motion for a directed verdict and defendant's cross-motion for summary judgment. Plaintiffs' motion for a directed verdict made pursuant to Fed.R.Civ.Pro. 50(a) is inappropriate at this point in this case, and will be construed by the Court as a motion pursuant to Fed.R.Civ.Pro. 56 for summary judgment for plaintiffs.

There is no genuine issue of material fact, since both parties agree that plaintiffs failed to timely file their tax returns for the years in question and failed to timely pay any taxes owed. In addition, the parties agree that 26 U.S.C. § 6651(a)(1) and (2) are the applicable sections of the Internal Revenue Code. Section 6651(a)(1) provides in pertinent part that in event of failure

> to file any return ... on the date prescribed therefore ... unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

Section 6651(a)(2) provides in pertinent part that in event of failure

> to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

The first issue raised by the motions is whether the penalties imposed by the respective subsections run concurrently, and, if not, when the penalty for failure to pay taxes owed commences. Plaintiffs argue that the penalty imposed by section (a)(1) makes the penalty under section (a)(2) inapplicable until after the failure to file penalty stops accruing. The basis for this argument is unclear and the Court notes that apparently no litigant has ever made it before. The language of the respective subsections lends no support to this proposition. The statute states that both penalties commence when the taxpayer fails to fulfill the statutorily imposed duty. With respect to the failure to pay penalty, the failure occurs when the taxpayer does not pay the tax owed "on or before the date prescribed for payment of such tax;" whether the return was timely filed is irrelevant to the running of this penalty. Certainly there is no language in either of the subsections supporting the theory that the failure to pay penalty is tolled until such time as the relevant return is filed. In fact, subsection (c)(1) (discussed below) virtually negates any such interpretation, since it refers to a period of time when both the failure to file and failure to pay penalties accrue simultaneously. That could not occur if the running of the failure to file penalty tolled the failure to pay penalty.

Nor does subsection (c)(1) result in the net elimination of the failure to pay penalty beyond the first five months that the failure to file penalty runs. As noted above, when the taxpayer fails to file or pay when due, the applicable penalties start running. When both penalties are running, subsection (c)(1) provides that the amount of the addition under subsection (a)(1) is reduced by the amount of the addition under subsection (a)(2). This results in a reduction of the (a)(1) penalty from 5 percent to 4.5 percent per month; however, the (a)(2) penalty continues to accrue at the rate of 0.5 percent per month. Assuming *arguendo*, as plaintiffs' posit, that the (a)(1) penalty continues to run after the first five months, the total amount of the addition accrued under (a)(1) would then exceed 25 percent, although only 25 percent could actually be

added to the taxpayer's liability. Nonetheless, the argument that this penalty continues to run has absolutely no effect on the amount of the (a)(2) penalty amount, which would continue to increase for the next forty-five months after the (a)(1) penalty reached its maximum *amount* actually stopped, or until the tax owed was paid, which ever came first. As noted above, the time of the filing is irrelevant inasmuch as the penalty starts accruing when the tax is due.

■ Finally, the applicable regulations promulgated by the IRS contradict plaintiff's argument by implication, if not directly. 26 C.F.R. § 301.6651–1, Example 2 presents the following situation:

An individual files his income tax return for the calendar year 1969 on December 2, 1970, and such delinquency is not due to reasonable cause. The balance due, as shown on the return, of $500 is paid when the return is filed on December 2, 1970. *In addition to interest and the addition for failure to pay under section 6651(a)(2) of $20 (8 months at 0.5% per month, 4%), there will also be imposed an additional amount under section 6651(a)(1) of $112.50, determined as follows:*

Penalty at 5 percent for maximum of 5 months, 25 percent of $500 ...... $125.00
Less reduction for the amount of the addition under section 6651(a)(2):
Amount imposed under section 6651(a)(2) for the months in which there is also an addition for failure to file – 2½ percent for the 5 months April 16 through September 15 of the net amount due .... $12.50.

(emphasis added). As the emphasized language of the regulation demonstrates, it is the clear understanding of the Department of the Treasury that these penalties run concurrently. As discussed below, this determination receives great deference unless plainly inconsistent with the statute, which it is not. Therefore, the Court finds plaintiffs' contention, that the penalty imposed under subsection (a)(2) does not run concurrently with the penalty under subsection (a)(1), to be completely without merit.

The second area of dispute raised in the instant motions is whether the penalties imposed by subsections (a)(1) and (a)(2), respectively, can cumulate to a maximum of 47.5 percent or whether the 25 percent maximum percentage referred to in each subsection is an across-the-board maximum penalty under section 6651. Plaintiff-taxpayer, understandably, takes the position that the 25 percent maximum is an absolute maximum penalty under section 6651. The IRS, on the other hand, claims that each subsection is independent and that the maximum penalty under each cumulates except as otherwise provided in the Code.

There is little authoritative precedent dispositive of this question. Apparently, only two courts have been presented with the issue, and both have sided with the IRS. In *Gerdes v. United States of America,* 498 F.Supp. 385 (N.D.Cal.1980), the Court held that "the 25 percent ceiling found in sections 6651(a)(1) and (a)(2) applies to penalties assessed under each respective paragraph. *The 25 percent ceiling, however, does not apply to the combined penalties assessed under both paragraphs.*" 498 F.Supp. at 388 (emphasis added).

■ Similarly, in *Smith v. United States of America,* 571 F.Supp. 664 (S.D.N.Y.1983), Judge Mary Johnson Lowe of this Court held the penalties imposed under subsections (a)(1) and (a)(2) to accumulate to a maximum of 47.5 percent. The Court in *Smith* relied on the earlier decision in *Gerdes;* both courts relied heavily on the Department of the Treasury interpretation implicit in 26 C.F.R. § 201.6651–1, Example 2 (see p. 4). The example in the regulations implicitly supports the interpretation forwarded by the IRS in this case by presenting a case where the penalties imposed for failures to timely file returns and pay taxes due exceed 25 percent of the tax due ($132.50 versus $125). Implicit in this example is an interpretation of section 6651(a) that directly opposes that of plaintiffs. This interpretation represents the official position of the IRS and the Commissioner of Internal Revenue Code, to whom Congress has delegated "the task of pre-

scribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code." *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450, 19 L.Ed.2d 537 (1967). Such interpretive regulations "must be sustained unless unreasonable and plainly inconsistent with revenue statutes." *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948); *accord National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979). Plaintiffs present no substantial argument that the IRS interpretation is either unreasonable or inconsistent with the underlying statute. The argument that there is a 25 percent absolute maximum penalty imposable under section 6651 rests on a tortured reading of that section and flies in the face of the language and structure of the section, as well as common sense. Furthermore, this Court finds that the IRS interpretation implicit in the regulations is both reasonable and clearly consistent with the language, structure and purpose of section 6651. Each of the relevant subsections imposes a penalty up to a maximum of 25 percent for failures which might be, but are not necessarily, related to one another. There is no indication within either subsection that the penalties are in any way interdependent. The only subsection which governs the interaction of (a)(1) and (a)(2) is (c)(1), which eliminates the overlap of (a)(1) and (a)(2) by reducing the penalty under (a)(1) by the amount of the penalty under (a)(2) when they are simultaneously applicable. This provision apparently recognizes that a taxpayer who fails to file a tax return will, in all likelihood, also fail to pay any taxes owed. However, this single oblique concession to interdependence in no way vitiates the distinct concerns underlying each of the subsections in question. Certainly there is nothing in (c)(1) which supports the interpretation that the maximum penalty provisions are mutually restricted or otherwise contradicts the Department of Treasury interpretation that the penalties are cumulative.

In light of the apparent intent of the statutes, the Department of Treasury interpretation, the consensus of judicial interpretation, the tortured reading required to find otherwise, and the complete absence of authority to the contrary, it is hereby

ORDERED that the defendant's motion for summary judgment is GRANTED, and it is further

ORDERED that this case is DISMISSED.

SO ORDERED.